422 F.2d 1264
 Marvin MILLER, Covina Publishing, Inc., a California corporation, doing business as Collectors Publications, Appellants,
v.
Thomas REDDIN, James Harvey Brown, United States of America, and its Agents, The Post Office Department and the United States Attorney General, Appellees.
 No. 23838.
 United States Court of Appeals, Ninth Circuit.
 March 12, 1970.
 
 Arthur Sherman (argued), of Marks, Sherman & London, Los Angeles, Cal., for appellant.
 George J. Franscell (argued), Asst. City Counsel, John Daly, Deputy City Atty., Roger Arneberg, City Atty., Los Angeles, Cal., Larry L. Dier, Asst. U. S. Atty., Wm. M. Byrne, U. S. Atty., Los Angeles, Cal., for appellee.
 Before BARNES, CARTER and WRIGHT, Circuit Judges.
 PER CURIAM:
 
 
 1
 The appellants, publishers and distributors of the five books involved in this action, sought declaratory relief, an injunction and damages against the appellees. Appellants alleged a conspiracy to violate appellants' civil rights; that the five books were constitutionally protected under the Free Speech and Free Press clause of the First Amendment of the United States Constitution, and sought to enjoin state and federal prosecutions based on the said books. Appellants also sought the impanelment of a three judge court, on the ground that California Penal Code, sections 311 and 311.2 and the Federal Obscenity statutes in 18 U.S.C. §§ 1461 and 1462, were unconstitutional.
 
 
 2
 The appellees filed motions to dismiss. The district court made findings of fact, conclusions of law and ordered the action dismissed. Appellants appealed.
 
 
 3
 After the appeal was filed, another panel of this court granted the motions of the following appellees to dismiss the appeal as to each of them, — The Post Office Department, United States Attorney General and the United States of America. There remain as parties to the appeal, — Thomas Reddin, at the time of the institution of the action, Chief of Police of Los Angeles, and James Harvey Brown, Municipal Judge of the City of Los Angeles.
 
 
 4
 The panel has been disturbed, not by the finding below that the five books consisted of hard-core pornography, but by the proceedings below by which this result was achieved, and by the written findings and decision of the trial court. The trial court devotes pages 7 through 15 of its findings to a detailed description of the obscenity included in the five books. In one sentence or a paragraph at best, the court could have summarized the material in the books and characterized it as hard-core pornography. Next the court on the motion to dismiss, made a finding that the material in the books was obscene, hard-core pornography and not within the protection of the First Amendment. No evidentiary hearing was held. None of the appellees, in their motions to dismiss, moved that the court, as a matter of law, declare the material obscene. No intimation appears that the court considered the motion to dismiss as a motion for summary judgment, and in any event appellants were not afforded "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Rule 12(b) Fed.R.Civ.P.
 
 
 5
 Without expressing any opinion on the various problems presented by the order of the district court, other than the general comments which we have heretofore made, we hold that the judgment must be reversed and the cause remanded for dismissal for the reasons hereafter set forth.
 
 
 6
 The district court heard arguments on the motion to dismiss on August 5, 1968. At that time no answer, nor any motion for summary judgment, had been filed by any of the defendants, appellees herein, or served upon the appellants.
 
 
 7
 After the trial court announced orally how it proposed to dispose of the case, it directed that findings of fact, conclusions of law and an order be prepared. On August 9, 1968 the plaintiffs, appellants herein, lodged with the clerk of the district court a voluntary notice of dismissal without prejudice as to all the parties defendant, appellees herein. Rule 41(a) (1) reads in part:
 
 
 8
 "Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by an adverse party of an answer or of a motion for summary judgment, whichever first occurs, * * * Unless otherwise stated in the notice of dismissal * * * the dismissal is without prejudice * * *".
 
 
 9
 The district court endorsed on the dismissal "Mr. Clerk lodge this — do not file it. Do not enter a dismissal — See F.R. C.P. Rule 41. Denied A. A. Hauk."
 
 
 10
 Since the document was only lodged, it was not a part of the record below and was not included by the clerk when the record was sent up on this appeal. We have ordered the record supplemented by the inclusion of the said document and it is now before us and part of the record.
 
 
 11
 A voluntary dismissal by a plaintiff under Rule 41(a) (1) Fed.R. Civ.P., automatically terminates the action upon the filing of the dismissal with the clerk. No order of court is required. Hyde Construction Company v. Koehring Company, (10 Cir. 1968) 388 F.2d 501, 507, cert. denied 391 U.S. 905, 88 S.Ct. 1654, 20 L.Ed.2d 419 (1968); American Cyanamid Co. v. McGhee, (5 Cir. 1963) 317 F.2d 295, 297. Since no answer or motion for summary judgment was ever filed, the action below was subject to voluntary dismissal until such time as there was an entry of judgment.
 
 
 12
 The local Rules of the Central District of California provide in Rule 7(f) 3 as follows:
 
 
 13
 "Where written order or judgment is to be prepared by counsel and settled, no memorandum of decision or opinion or any minutes made by the clerk of the court's decision shall constitute entry of judgment under said Rules."
 
 
 14
 Accordingly, there was no entry of judgment in the case until November 18, 1968, when the findings, conclusions and order of dismissal were filed. The attempt by the trial court to make the dismissal effective nunc pro tunc as of August 5, 1968, "the date when this court, by minute order in open court at the hearing herein, did grant said motions to dismiss, which minute order of August 5, 1968 is hereby approved, ratified and confirmed," was a nullity.
 
 
 15
 The case is remanded to the district court. The clerk of the district court is instructed to file the voluntary dismissal heretofore lodged with the clerk, whereupon the action below will be by such act, dismissed.