**MERIT INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**LEATHERBY INSURANCE COMPANY, Defendant-Appellant.**

**No. 77–2220.**

United States Court of Appeals, Seventh Circuit.

Argued April 6, 1978.

Decided July 26, 1978.

Rehearing Denied Sept. 19, 1978.

Donald E. Casey, Chicago, Ill., for defendant-appellant.

Steven G. M. Stein, Chicago, Ill., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, and SWYGERT, Circuit Judge, and JAMESON, Senior District Judge.*

---

\* The Honorable William J. Jameson, United States Senior District Judge for the District of Montana, is sitting by designation.

1. The complaint included other counts not involving Leatherby. A trial with respect to the remaining defendants resulted in a directed verdict against Merit entered on March 1, 1978.

2. Section 17 of the agreement provides:
   17. *Arbitration.* Except as hereinafter specifically provided, any controversy or claim arising out of or relating to this contract, or

JAMESON, Senior District Judge.

Appellee, Merit Insurance Company, brought this action against appellant, Leatherby Insurance Company, alleging three counts of conspiracy to defraud, rescission, and fraud with respect to a contract of reinsurance between Merit and Leatherby.[1] On January 17, 1977, Leatherby, relying on a provision in the contract providing for arbitration of "any controversy or claim arising out of or relating to this contract",[2] filed a motion to stay all proceedings and compel arbitration. The district court, on June 20, 1977, granted a three month stay and ordered arbitration. Arbitration proceedings commenced but were not completed during that period. The court, on Leatherby's motion, extended its stay an additional 45 days. On October 13, 1977, Merit filed a notice of dismissal of all counts of its complaint against Leatherby pursuant to Rule 41(a)(1), Fed.R.Civ.P. Leatherby then moved to vacate and quash the notice of dismissal. The district court denied the motion in an order dated October 19, 1977. We affirm.

### Rule 41(a)(1)

Rule 41(a)(1) provides that a plaintiff may dismiss an action "without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action". The purpose of the rule is "to facilitate the voluntary dismissal of an action, but safeguard abuse by limiting its application to an early stage of the proceedings." 5 Moore's Federal Practice ¶ 41.02[1] at 41–

the breach thereof, shall be settled by arbitration in accordance with the Rules of the American Arbitration Association, in Camden County, New Jersey, and judgment upon the award rendered by the Arbitrator may be entered in any New Jersey Court having jurisdiction thereof.

Anything herein to the contrary notwithstanding either party may apply to a court of competent jurisdiction for emergency relief, to include specific performance of this agreement.

18. The dismissal is without prejudice unless the plaintiff has already "once dismissed in any court of the United States or of any state an action based on or including the same claim," in which case the "notice of dismissal operates as an adjudication upon the merits  .  .  . ."—Rule 41(a)(1).

Leatherby does not contend that it served either an answer or a motion for summary judgment. Instead, it argues that despite the clear language of Rule 41(a)(1)(i) courts have construed the rule to bar plaintiff's right to dismiss by notice once "the issues have been joined" and the court has begun to address the merits of the case. Leatherby submits that when it moved to stay proceedings and obtain arbitration, the only substantive issue before the court was whether or not the contractual provision for arbitration applied to the controversy. Thus, Leatherby asserts, by its order staying proceedings and compelling arbitration, the district court effectively faced and adjudicated the "merits" to the fullest extent then possible. "In effect the court had conducted a trial on the only issue before it, 'arbitrability'."

Leatherby contends further that dismissal by notice should not be allowed where it would lead to prejudice. It argues that the drafters of the rule were concerned with limiting the plaintiff's right to prevent the waste of resources so that once the parties have committed substantial resources to preparation of their case voluntary dismissal would no longer be allowed. Leatherby claims that it has incurred substantial legal costs and expenses in litigation.

Leatherby seeks reinstatement in the district court for a hearing pursuant to Rule 41(a)(2)[3] to determine (1) whether costs and attorney fees should be awarded Leatherby, and (2) what effect the dismissal will have on the arbitration proceedings. Leatherby contends that dismissal may jeopardize the arbitration because the court's order is the prime force compelling arbitration.

### The "Merits" of the Controversy

In arguing that the district court has addressed the "merits" of the case and dismissal by notice accordingly is precluded, Leatherby relies upon *Harvey Aluminum, Inc. v. American Cyanamid Co.,* 203 F.2d 105 (2 Cir.), *cert. denied,* 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953). In *Harvey,* before the defendants had filed an answer, the court had conducted a four day hearing on a motion for an injunction *pendente lite.* That hearing, which resulted in 420 pages of record, dealt substantially with the merits of the case, namely, whether the plaintiffs were entitled to specific performance of an agreement allegedly made with the defendants. The court denied the motion, finding, *inter alia,* that the plaintiffs' chance of success on the merits were "remote, if not completely nil". The defendants, fearing that the plaintiffs were about to bring suit in another forum, then obtained an order staying the plaintiffs and directing them to show cause why they should not be enjoined from commencing legal proceedings in another jurisdiction. Before the show cause hearing was held, however, the plaintiffs filed a voluntary notice of dismissal. The district court denied defendants' motion to vacate this notice and defendants appealed.

The Second Circuit reversed, finding that the defendants had been forced to considerable effort and expense in preparation for the injunction hearing and at the hearing "the merits of the controversy were squarely raised and the district court in part based its denial of the injunction on its conclusion that the plaintiffs' chance of success on the merits was small." *Id.* at 107–08. The court concluded that "a literal application of Rule 41(a)1 to the present controversy would not be in accord with its essential purpose of preventing arbitrary dismissals

3. In essence, Leatherby would require Merit to file a Rule 41(a)(2) motion instead of allowing voluntary dismissal under Rule 41(a)(1). Under Rule 41(a)(2) dismissal is in the discretion of the district court and the court can attach "such terms and conditions as the court deems proper". Attaching conditions "prevents defendants from being unfairly affected by such dismissal". *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5 Cir. 1976) (citing 9 Wright & Miller, Federal Practice & Procedure: Civil, § 2364 at 165).

after an advanced stage of a suit has been reached." *Id.* at 108.

*Harvey* has been considered, distinguished, and criticized in many subsequent cases. In *Littman v. Bache & Co.*, 252 F.2d 479, 481 (2 Cir. 1958), the Second Circuit found that the defendant's motion to transfer the case to another forum had not raised the merits of the case and that the only issue before the district court was whether to grant defendant's motion to transfer. Hence the *Harvey* exception was not applicable.[4] Similarly, this court in *Scam Instrument Corp. v. Control Data Corp.*, 458 F.2d 885, 890 (7 Cir. 1972), citing *Littman*, concluded that the motion filed by the defendant challenged only the venue of the court and "did not create any issue in fact as to the validity of the patents or whether they had been infringed"—the subject matter of the complaint. The court set aside a "conditioned order of dismissal", holding that the cause had been dismissed voluntarily by plaintiff's notice under Rule 41(a)(1).[5]

In *Pilot Freight Carriers, Inc. v. International Brotherhood of Teamsters*, 506 F.2d 914 (5 Cir.), *cert. denied*, 422 U.S. 1048, 95 S.Ct. 2665, 45 L.Ed.2d 700 (1975), the plaintiff was dismissed by notice under Rule 41(a)(1) following arguments on and denial of a motion for injunctive relief. The court declined to follow *Harvey*, noting that the "exceptional equitable considerations which apparently motivated the *Harvey* decision" were not present and that if *Harvey* were to be "read more broadly as proscribing dismissal under F.R.C.P. 41(a)(1) whenever the merits of the controversy have been presented to the court in any manner, we must disagree with the decision and re-

spectfully refuse to follow it". *Id.* at 916. The court said that such a rule would make Rule 41(a)(1) unavailable whenever a party moves for injunctive relief since that type of motion necessarily entails consideration of the merits, and that rule "would amount to no less than a flat amendment of Rule 41(a)(1) . . .. If such a comprehensive modification of the Rule is desirable, the request must be addressed to the Supreme Court and Congress, not to this Court." *Id.* at 916–17.

The provisions of Rule 41(a) and cases construing the rule were carefully analyzed in *D. C. Electronics, Inc. v. Nartron Corp.*, 511 F.2d 294 (6 Cir. 1975), an antitrust action in which the plaintiff had obtained a temporary restraining order and applied for a preliminary injunction. It withdrew the application for a preliminary injunction and dismissed the action under Rule 41(a)(1). The court noted that Rule 41(a)(1)(i) initially limited plaintiff's absolute right of voluntary dismissal to the time before answer, was amended in 1948 to include a motion for summary judgment, and further amended three times since 1948. Yet, "it has not been broadened to include other motions or pleadings which would bar a dismissal by notice". *Id.* at 296. The court concluded that "the *Harvey* rationale is without validity where the merits of the controversy have not been raised" before answer or motion for summary judgment and would not be applicable. *Id.* at 297. The court found even more persuasive the argument that "Rule 41(a)(1)(i) is clear and unambiguous on its face and admits of no exceptions that call for the exercise of judicial discretion by any court". *Id.* at 298.

---

**4.** See also *Sheldon v. Amperex Electronic Corporation*, 52 F.R.D. 1 (E.D.N.Y.1971), *aff'd* 449 F.2d 146 (2 Cir. 1971), a patent infringement case where there had been extensive discovery for more than a year before the plaintiff filed a notice of dismissal under Rule 41(a)(1). In denying defendant's motion to reinstate and holding that defendant's motion to dismiss did not preclude voluntary dismissal by plaintiff, the court followed *Littman*, noting that "Rule 41(a)(1)(i) must be given a literal interpretation" and that "*Harvey Aluminum* should be

limited to its narrow factual context". 52 F.R.D. at 9.

**5.** In *Scam*, the parties had devoted approximately one year to discovery before plaintiff filed its notice of dismissal pursuant to Rule 41(a)(1). The defendant filed a motion to reinstate the case and later a "purported motion for summary judgment". The district court purported to amend the notice of dismissal to provide that the case be dismissed with prejudice to being reinstated within the Seventh Circuit.

In *Miller v. Reddin*, 422 F.2d 1264 (9 Cir. 1970), cited by this court in *Scam*, the defendant had filed a motion to dismiss, followed by a hearing at which the district court announced orally that it was going to rule in favor of the defendant and directed that findings of fact, conclusions of law and an order be prepared. Before any judgment had been entered the plaintiff filed a voluntary notice of dismissal under Rule 41(a)(1). The court held ineffective an attempted nunc pro tunc dismissal entered by the trial court and held that the voluntary notice filed by the plaintiff had terminated the action. *Id.* at 1266.

### Effect of Motion to Stay and Compel Arbitration

A motion to stay proceedings and compel arbitration under the terms of the United States Arbitration Act, 9 U.S.C. §§ 1–14, is not the equivalent of an answer or motion for summary judgment. In *Wilson & Co. v. Fremont Cake & Meal Co.*, 83 F.Supp. 900 (D.Neb.1949), the defendant made a motion to stay proceedings pending arbitration. Following a hearing the court announced that the stay would be granted. Thereafter plaintiff filed a motion to dismiss under Rule 41(a)(1). In holding that the defendant had not filed an answer within the meaning of the rule, the court traced the history of Rule 41(a)(1) and concluded that while the rule somewhat narrowed the right of dismissal formerly exercised, it "ought not still further to be narrowed by unindicated judicial construction and application". *Id.* at 904. See also *Rife v. McElwee-Courbis Const. Co.*, 16 F.R.D. 11 (M.D. Pa.1954), an action by subcontractors against a general contractor, where the defendant filed a motion for stay of proceedings and an order directing arbitration. A stay order was entered and a hearing held on the petition for arbitration. While the court had the matter under advisement plaintiff filed a notice of dismissal under Rule 41(a)(1), as well as a motion for dismissal under Rule 41(a)(2). The court held that the voluntary dismissal under Rule 41(a)(1) was proper and did not require the aid of the court.

While in this case arbitration had in fact commenced, in our opinion the order to stay and compel arbitration is not a determination on the merits, as appellant argues. When a motion to stay proceedings and compel arbitration under 9 U.S.C. §§ 1–14 is filed, the court "may consider only issues relating to the making and performance of the agreement to arbitrate". *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395, 404, 87 S.Ct. 1801, 1806, 18 L.Ed.2d 1270 (1967). If the agreement to arbitrate is valid the court has no further power or discretion to address the issues raised in the complaint but must order arbitration, for it was "the unmistakably clear congressional purpose that the arbitration procedure . . . be speedy and not subject to delay and obstruction in the courts". *Id.* This court has held that the district court must grant the stay when two conditions are satisfied: "(1) the issue is one which is referrable to arbitration under an agreement in writing for such arbitration, and (2) the party applying for the stay is not in default . . .." *C. Itoh & Co., Inc. v. Jordan International Co.*, 552 F.2d 1228, 1231 (7 Cir. 1977). Plainly then, in such instances, "[t]he *merits of the controversy* are not to be considered by the court". Domke on Commercial Arbitration, § 1702 at 159 (1968) (emphasis added).

Leatherby contends that the filing of a motion to stay proceedings and compel arbitration somehow converts the "merits" of the controversy from those issues raised in the complaint to the sole issue of arbitrability, and since arbitrability was squarely faced, notice dismissal is precluded under the rule in the *Harvey* case. We cannot agree. Following that reasoning would mean that the filing of *any* motion prior to an answer would effectively reduce the "merits" of a case to solely those issues raised by that motion. Thus in such cases notice dismissal would automatically be unavailable, despite the absence of either an answer or motion for summary judgment. But, as we noted above, courts have consistently upheld notice dismissals following a

wide variety of substantive motions filed by defendants before answering. A motion to stay proceedings and to compel arbitration focuses judicial scrutiny upon the arbitrability of the controversy, not upon the controversy itself. Granting the motion affects the court's power to decide the merits of issues raised in the complaint. It has no effect on the merits themselves. Thus the motion is akin to a challenge to jurisdiction or venue. We therefore decline to expand the *Harvey* exception, which would ultimately swallow the rule itself, as well as be contrary to the solid weight of authority.[6]

### Equitable Considerations

■ Leatherby claims that dismissal would work a substantial injustice because it has expended great time and effort in the preparation of its case in researching and arguing motions and conducting discovery throughout the country. The mere institution of and work on discovery, however, will not justify preclusion of a Rule 41(a)(1) notice. See *Sheldon*, 52 F.R.D. at 7; *Pilot Freight Carriers*, 506 F.2d at 916. See also *Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.,* 474 F.2d 250, 253 (5 Cir. 1973). Moreover, as the appellee has noted, any preparation for trying the merits of this case should not be wasted since the same issues will be addressed both in the arbitration proceedings and in a similar case in another forum.[7]

Leatherby contends that dismissal will remove the compulsion to arbitrate. But arbitration has commenced and once it is completed and a decision is rendered, Leatherby will have the right, if necessary, to seek judicial enforcement. See generally Domke on Commercial Arbitration, ch. 37 (1968).

■ While dismissal may be inconvenient to Leatherby, we do not find in this case the kind of "exceptional equitable considerations" which compelled the Second Circuit's decision in *Harvey*. See *Pilot Freight Carriers*, 506 F.2d at 916. In many of the cases discussed *supra, i. e., Sheldon, Pilot Freight Carriers*, and *Miller*, the defendants were subject to greater inconvenience and the cases had proceeded to more "advanced" stages than here. Yet the courts have uniformly held that the cases were subject to dismissal under Rule 41(a)(1)(i) in the absence of an answer or motion for summary judgment. As this court noted in *Scam*, "for approximately one year after the filing of the complaint, the parties devoted themselves to discovery and scrimmaging with regard thereto". The defendant had filed what it denominated a motion for summary judgment, but, despite this terminology, this court found it to be a motion to dismiss, which was neither an answer nor motion for summary judgment. Dismissal under Rule 41(a)(1)(i) accordingly was proper.

■ If a defendant desires to prevent a plaintiff from voluntary dismissal under Rule 41(a)(1)(i), it may do so by merely filing an answer or motion for summary judgment. See *D. C. Electronics*, 511 F.2d at 298. But "so long as the defendant elects to abstain from the decisive joining of issue" by answer or motion for summary judgment, the plaintiff is still entitled to dismissal by notice as a matter of right. *Wilson & Co.,* 83 F.Supp. at 904. The prospect of untoward prejudice from multiple dismissals is eliminated by the provision in the rule itself that the plaintiff can only once voluntarily dismiss without prejudice.

---

**6.** At oral argument Leatherby also contended that its motion to the district court did in essence contain the merits of the controversy since that motion included a Rule 12(b)(6) motion for failure to state a claim as to which relief can be granted. The district court, however, in its order staying proceedings and compelling arbitration, ruled that the motion to dismiss "is stricken as moot by [Leatherby's]

abandonment of briefing it". In any event a motion to dismiss for failure to state a claim is not an answer or motion for summary judgment. See *Scam Instrument Corp. v. Control Data Corp., supra,* 458 F.2d at 889.

**7.** An action between the parties is pending in the United States District Court for the District of New Jersey.

F.R.Civ.P. 41(a)(1). See *D. C. Electronics*, 511 F.2d at 298.[8]

### Conclusion

It is admitted that no answer or motion for summary judgment was filed. We cannot agree with appellant that the district court reached or determined the merits of the controversy. Nor do we find the "exceptional equitable considerations present in *Harvey*. The district court properly denied appellant's motion to vacate and quash plaintiff's voluntary dismissal under Rule 41(a)(1)(i).

AFFIRMED.

SWYGERT, Circuit Judge, dissenting.

Merit Insurance Company filed this lawsuit even though the basis of the action, a contract of reinsurance between the parties, contained a provision requiring arbitration of any controversy arising out of the contract. Defendant Leatherby Insurance Company then filed a motion to stay the proceedings and compel arbitration. The district court granted Leatherby's motion and ordered arbitration. Four months later, after arbitration had begun, Merit filed a notice of dismissal against Leatherby pursuant to Rule 41(a)(1).

A Rule 41(a)(1) dismissal operates to leave the parties as if the lawsuit had never been brought. *Moore v. St. Louis Music Supply Co.*, 539 F.2d 1191, 1194 (8th Cir. 1976). Thus, in dismissing its complaint against Leatherby after the court ordered arbitration, Merit was obviously heeding the words of Oliver Goldsmith:

For he who fights and runs away

May live to fight another day;

But he who is in battle slain

Can never rise to fight again.

Here, Merit lost a crucial battle—its ability to sue in court. Nonetheless, because of a technical rule, Merit is able to dismiss its lawsuit, thereby negating the district court's ordering of the arbitration, and is

given another opportunity to try its fortune in another forum. The majority by its holding condones the practice. I cannot.

Rule 1 of the Federal Rules of Civil Procedure requires that the rules "shall be construed to secure the just . . . determination of every action." *Madden v. Perry*, 264 F.2d 169, 175 (7th Cir. 1959). *See also Kenney v. California Tanker Co.*, 381 F.2d 775, 777 (3d Cir. 1967), *cert. denied*, 390 U.S. 904, 88 S.Ct. 817, 19 L.Ed.2d 870 (1968). The rules are not to be applied talismanically; rather they should be construed so as to accomplish their purpose. As Judge Pell aptly observed:

> [T]he Federal Rules of Civil Procedure were not designed to codify the rigid and elaborate, and often stultifying, rules of common law procedure. The federal rules should have flexibility, and even though . . . the rules are meant to be observed, their application in any case should be examined in the light of the accomplishment of their particular purpose as well as in the general context of securing a fair trial for all concerned in the quest for the truth.

*Pittsburgh-Des Moines Steel v. Brookhaven Manor Water Co.*, 532 F.2d 572, 576 (7th Cir. 1976) (internal quotes omitted).

At common law a plaintiff had the unqualified right to dismiss his suit without prejudice at any time before final judgment was entered. *See* 5 J. Moore, Federal Practice ¶ 41.02[1] (2d ed. 1977). This practice resulted in abuse and inequity. Consequently, the Federal Rules of Civil Procedure restricted this right by providing that voluntary dismissal without order of the court could be had only "by filing notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . ." Rule 41(a)(1)(i). The purpose of the rule is to fix a point at which the resources of the court and the defendant are sufficiently committed that dismiss-

---

**8.** Courts have allowed dismissals even where there is evidence that plaintiffs are attempting to avoid litigation in a particular forum or otherwise engage in forum shopping. See, *e. g.*,

*Scam Elec. Corp. v. Control Data Corp., supra; Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc., supra; Sheldon v. Amperex Elec. Corp., supra.*

al without preclusive consequences can no longer be had as of right. *See, e. g., In re Piper Aircraft Distribution System Antitrust Litigation*, 551 F.2d 213, 220 (8th Cir. 1977).

The majority correctly notes that Leatherby filed neither an answer nor a motion for summary judgment. Thus, under a literal interpretation of Rule 41(a)(1), Merit could have dismissed its complaint. The error in the majority's reasoning, I submit, is that it fails to consider the spirit of the rule and fails to consider whether strict application of Rule 41(a)(1) in this case effectuates the policy at which the Rule was aimed.

I believe the record is clear that the resources of the court and Leatherby were so committed that it would be inequitable to permit Merit to utilize Rule 41(a)(1)(i). Even more compelling is that the district court entered a "judgment" ordering arbitration. To allow Merit to dismiss its case after entry of this judgment is to waste the court's resources and energy and to negate completely the effect of the court's ordering of arbitration.

The majority claims that Leatherby could have protected itself from a voluntary dismissal by filing an answer. True, Leatherby could have filed an answer and, as a part thereof, raised the arbitration provision as an affirmative defense. But that technique would not have protected Leatherby from the injury it was sustaining—an allegedly improvident lawsuit. Only by filing a motion to stay could Leatherby obtain an immediate suspension of the court proceedings. M. Domke, Commercial Arbitration § 18.03 at 168 (1968).

In sum, I would hold that the motion to stay the proceedings pending arbitration was tantamount to a motion for summary judgment. Labels ought not govern the result when the underlying meaning and effect of a procedure is different from what the label ordinarily denotes.

I would reverse and remand for further proceedings.