John Anton KOLMAN, Plaintiff,

v.

MILWAUKEE AREA TECHNICAL COLLEGE, Defendant.

No. 82–C–192.

United States District Court, E. D. Wisconsin.

Oct. 14, 1982.

John Anton Kolman, pro se.

John W. Daniels, Jr., Quarles & Brady, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff in this case has informed the court that he does not wish to pursue the action and asks that the case be dismissed. I note that he does not indicate that a copy of his statement was served on the defendant. A copy of the plaintiff's statement will be sent to the defendant with this decision.

■ A motion by the defendant to dismiss the action pursuant to Rules 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure, is fully briefed and is pending before the court. Since the defendant's motion is supported by an affidavit, it is to be treated as a motion for summary judgment. Because of the pendency of the defendant's motion, the plaintiff is foreclosed from obtaining dismissal of the action under the provisions of Rule 41(a)(1), Federal Rules of Civil Procedure. Rather, dismissal requires an order of the court under Rule 41(a)(2) and may be granted only "upon such terms and conditions as the court deems proper." Whether to grant a plaintiff's request for dismissal under Rule 41(a)(2), and the terms and conditions imposed, rest within the court's discretion. *Stern v. Barnett,* 452 F.2d 211, 213 (7th Cir. 1971). *See also Pace v. Southern Express Co.,* 409 F.2d 331 (7th Cir. 1969).

■ I find the defendant's motion to dismiss to be clearly meritorious. The plaintiff's pro se complaint asserts as a basis for this court's jurisdiction the "Certified Employment Training Act." Giving the complaint a liberal reading and assuming for purposes of argument that the plaintiff was a student enrolled at the defendant college who was eligible for assistance under the Comprehensive Employment and Training Act, 29 U.S.C. § 801 et seq., the defendant refers the court to cases uniformly finding no private right of action under that act. *See, e.g., CETA Workers' Organizing Committee, et al. v. City of New York, et al.,* 617 F.2d 926 (2d Cir. 1980).

In response to the defendant's brief, the plaintiff acknowledges that he did not receive CETA funds while attending the defendant college but asserts that grounds for this court's jurisdiction should be "inherent in the district MATC." The Milwaukee Area Vocational, Technical and Adult Education District is a vocational school district created pursuant to Wis.Stat. § 38.01 et seq. The Wisconsin statutes cannot, and the plaintiff has cited no federal provision that does, confer on this court subject matter jurisdiction to address his complaint, given the lack of diversity between the parties.

With the case in its present posture, I do not believe it would "facilitate the orderly and swift administration of justice," *Local 2677, American Federation of Government Employees v. Phillips,* 358 F.Supp. 60, 65 (1973), to allow the plaintiff to dismiss the action without prejudice. To the extent that this is the relief the plaintiff's application seeks, it will be denied, and the defend-

ant's motion to dismiss, treated as a motion for summary judgment, will be granted.

Therefore, IT IS ORDERED that the plaintiff's application to dismiss be and hereby is denied.

IT IS ALSO ORDERED that the defendant's motion to dismiss, treated as a motion for summary judgment, be and hereby is granted.

IT IS FURTHER ORDERED that this action be and hereby is dismissed with prejudice.