Timothy S. HAMILTON,
Plaintiff-Appellant,

v.

SHEARSON–LEHMAN AMERICAN EXPRESS, INC., a Delaware Corporation, Van Ridgeway, Charles Hilton, and Robert Chandler, Defendants-Appellees.

No. 85–6511.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 1986.

Decided April 7, 1987.

Nicholas F. Coscia, Rancho Santa Fe, Cal., for plaintiff-appellant.

Ben Suter, Long Beach, Cal., for defendants-appellees.

* Honorable Alfredo C. Marquez, United States District Judge, District of Arizona, sitting by designation.

1. Rule 41(a)(2) provides in pertinent part:

Before SNEED and SCHROEDER, Circuit Judges, and MARQUEZ,* District Judge.

MARQUEZ, District Judge:

Hamilton appeals the District Court's order which denied him the right to voluntarily dismiss his complaint under Rule 41(a)(1)(i), Fed.R.Civ.P. Hamilton contends the rule confers an absolute right upon a plaintiff to dismiss an action by filing a notice of dismissal prior to an answer or a motion for summary judgment. We agree and reverse the order of the District Court.

A. *Procedural History*

Hamilton filed his complaint in the District Court of the Southern District of California on August 23, 1984. On September 18, 1984, the parties entered into a stipulation stating Defendants were not required to file an answer if a pending Motion to Compel Arbitration was granted. On October 29, 1984, after a hearing, the District Court granted the Motion to Compel Arbitration. On November 29, 1984, a formal order was entered compelling arbitration and staying the proceedings.

On December 10, 1984, Hamilton filed a reparations complaint with the Commodities Futures Trading Commission (CFTC). The CFTC complaint was dismissed on June 15, 1985, as a parallel federal proceeding.

Hamilton next tried to have the proceedings in District Court dismissed so he could refile his reparations complaint with the CFTC. First, Hamilton attempted to file a Motion for Voluntary Dismissal under Rule 41(a)(2) but the Clerk refused to file the motion.[1] Although the docket indicates the motion was not accepted for filing, Defendants filed an opposition to the motion as

"Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper...."

well as a Motion to Strike on August 16, 1985. On September 4, 1985, Plaintiff filed a Notice of Dismissal under Rule 41(a)(1)(i) in a second attempt to dismiss his complaint.

A hearing was held on the Motion for Voluntary Dismissal on October 7, 1985. The motion was denied and a formal order was entered on November 1, 1985. The District Court's Order denied both the Motion to Dismiss under Rule 41(a)(2) and the Notice of Dismissal under Rule 41(a)(1). Hamilton filed a timely notice of appeal.

### B. *Law*

Our resolution of the effect of the Notice of Dismissal pursuant to Rule 41(a)(1)(i) disposes of this appeal and we do not address the Motion to Dismiss under Rule 41(a)(2). Insofar as material herein, Rule 41(a)(1)(i) provides:

> "... an action may be dismissed by the plaintiff without order of the court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, ...

■ The language of this rule leaves little room for interpretation. Until an adverse party files an answer or a motion for summary judgment, the plaintiff can have the action dismissed merely by filing a notice of dismissal with the clerk. Rule 41(a)(1)(i) does not require leave of court to dismiss the action. The purpose of the rule is "to facilitate the voluntary dismissal of an action, but safeguard abuse by limiting its application to an early stage of the proceedings." 5 Moore's Federal Practice ¶ 41.02[1] at 41–13.

■ Courts applying Rule 41(a) have given it a literal interpretation.[2] The only exception to this rule occurs where the merits have been raised or the suit has reached an advanced stage, as was the case in *Harvey Aluminum, Inc. v. American Cyanamid*, 203 F.2d 105 (2nd Cir.), *cert. denied*, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953).

In *Harvey, supra*, the plaintiffs sought and obtained an ex parte temporary restraining order pending a hearing on their motion for a preliminary injunction. An evidentiary hearing was held over the course of several days and a lengthy record consisting of some 420 pages was generated. The District Court dissolved the temporary restraining order, finding the plaintiffs' chance of success on the merits "remote, if not completely nil." The plaintiffs filed a notice of dismissal pursuant to Rule 41(a)(1)(i). The defendants filed a motion to vacate the dismissal which was denied by the District Court. The Second Circuit reversed, holding that "a literal application of Rule 41(a)(1) to the present controversy would not be in accord with its essential purpose of preventing arbitrary dismissal after an advanced stage of a suit has been reached." *Harvey* at 108. The *Harvey* exception has not been well received in subsequent cases.[3] The equitable considerations in *Harvey* are not present in this case.

■ Hamilton filed his notice of dismissal on September 4, 1985. As the rule states, no action by the court is required for dismissal by notice under Rule 41(a)(1)(i). A voluntary dismissal by a plaintiff under this subsection automatically terminates the action upon the filing of

---

**2.** *See Universidad Central del Caribe, Inc. v. Liaison Committee on Medical Education*, 760 F.2d 14 (1st Cir.1985); *Thorp v. Scarne*, 599 F.2d 1169 (2nd Cir.1979); *Sheldon v. Amperex Electronic Corporation*, 52 F.R.D. 1 (E.D.N.Y.1971), *aff'd* 449 F.2d 146 (2nd Cir.1971); *Pilot Freight Carriers, Inc. v. International Brotherhood of Teamsters*, 506 F.2d 914 (5th Cir.1975), *cert. denied*, 422 U.S. 1048, 95 S.Ct. 2665, 45 L.Ed.2d 700 (1975); *D.C. Electronics, Inc. v. Nartron Corp.*, 511 F.2d 294 (6th Cir.1975); *Merit Insurance Co. v. Leatherby Ins. Co.*, 581 F.2d 137 (7th Cir.1978); *Miller v. Reddin*, 422 F.2d 1264 (9th Cir.1970). *Compare Kolman v. Milwaukee Area Technical College*, 548 F.Supp. 684 (E.D.Wis. 1982); *Tele-Views News Company v. S.R.B. TV Publishing Co.*, 28 F.R.D. 303 (E.D.Pa.1961).

**3.** See *Littman v. Bache & Co.*, 252 F.2d 479 (2nd Cir.1958); *Pilot Freight Carriers, Inc. v. International Brotherhood of Teamsters*, 506 F.2d 914 (5th Cir.), *cert. denied*, 422 U.S. 1048, 95 S.Ct. 2665, 45 L.Ed.2d 700 (1975); *Scam Instrument Corp. v. Control Data Corp.*, 458 F.2d 885 (7th Cir.1972).

the dismissal with the clerk. *Miller v. Reddin*, 422 F.2d 1264, 1266 (9th Cir.1970). Appellees make two arguments in attempting to circumvent this result. First, appellees argue the filing of a motion to compel arbitration and stay proceedings is the functional equivalent of a motion for summary judgment. Second, appellees contend the stipulation obviated the need for an answer and Hamilton is therefore estopped from dismissing the action by notice of dismissal.

### 1. *Motion to Compel Arbitration and Stay Proceedings.*

■ If an adverse party has filed a motion for summary judgment, the plaintiff is not entitled to dismiss his action without leave of the District Court. Courts have consistently upheld notice dismissals following a wide variety of other substantive motions filed by defendants before answering.[4] A motion to compel arbitration and stay proceedings is not the equivalent of an answer or a motion for summary judgment. *Merit Ins. Co. v. Leatherby Ins. Co.*, 581 F.2d 137, 142 (7th Cir.1978); *see also Rife v. McElwee-Courbis Const. Co.*, 16 F.R.D. 11 (D.Pa.1954); *Wilson & Co. v. Fremont Cake & Meal Co.*, 83 F.Supp. 900 (D.Neb.1949). Although we have never encountered this fact situation in this circuit, we believe this is the correct rule in view of our previous ruling in *Miller v. Reddin, supra.*

In *Miller, supra*, this Circuit stated that a pending motion to dismiss was not the equivalent of a motion for summary judgment and remanded the case to the District Court with instructions to dismiss the action. The Court said: "the far more persuasive argument ... is that Rule 41(a)(1) is clear and unambiguous on its face and admits of no exceptions that call for the exercise of judicial discretion by any court." *D.C. Electronics, Inc. v. Natron Corp.*, 511 F.2d 294, 298 (6th Cir.1975).

### 2. *Stipulation re Answer.*

■ Appellees argue the stipulation obviating the need for an answer estops Hamilton from employing notice dismissal under Rule 41(a)(1)(i). Estoppel has been urged as a basis for refusing dismissal under Rule 41(a)(1)(i). See e.g. *Harvey, supra.* As pointed out hereinbefore, the necessary equitable considerations are not present in this case. Although arbitration was ordered, there is no showing in the record that extensive efforts toward that end had been undertaken by the parties.

■ Appellees argue the stipulation should be treated as the equivalent of an answer for purposes of Rule 41(a)(1). It is not up to this Court to amend or alter the Rule. "If a defendant desires to prevent a plaintiff from voluntary dismissal under Rule 41(a)(1)(i), it may do so by merely filing an answer or motion for summary judgment." *Merit Ins. Co. v. Leatherby Ins. Co.*, 581 F.2d at 143. Accordingly, we refuse to treat the stipulation as the equivalent of an answer.

### C. *Conclusion*

Hamilton's filing of the Notice of Dismissal had the effect of dismissing his action. The language of Rule 41(a)(1)(i) mandates this result and we are not free to amend or alter the rule as the appellees have urged us to do. As the Fifth Circuit has stated: "if such a comprehensive modification of the Rule is desirable, the request must be addressed to the Supreme Court and to Congress, not to this Court." *Pilot*

---

**4.** *See Universidad Central del Caribe, Inc. v. Liaison Committee on Medical Education,* 760 F.2d 14 (1st Cir.1985) (motion for change of venue and motion to dismiss for lack of personal jurisdiction); *Thorp v. Scarne,* 599 F.2d 1169 (2nd Cir.1979) (defense brief in opposition to temporary restraining order not the equivalent of a motion for summary judgment); *Pilot Freight Carriers, Inc. v. International Brotherhood of Teamsters,* 506 F.2d 914 (5th Cir.1975), *cert. denied,* 422 U.S. 1048, 95 S.Ct. 2665, 45 L.Ed.2d 700 (1975) (interrogatories and motion to stay proceedings).; *Merit Insurance Co. v. Leatherby Ins. Co.,* 581 F.2d 137 (7th Cir.1978) (motion to compel arbitration and stay proceedings); *Miller v. Reddin,* 422 F.2d 1264 (9th Cir.1970) (motion to dismiss). *Compare Kolman v. Milwaukee Area Technical College,* 548 F.Supp. 684 (E.D.Wis.1982) (motion to dismiss); *Tele-Views News Company v. S.R.B. TV Publishing Co.,* 28 F.R.D. 303 (E.D.Pa.1961) (motion to dismiss).

*Freight Carriers,* 506 F.2d at 917. The order of the District court is REVERSED and this matter is REMANDED with instructions to dismiss Plaintiff's Complaint without prejudice.