Kazue SWEDBERG, Plaintiff–Appellee,

v.

Emil MAROTZKE, Defendant–
Appellant.

No. 02–15517.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 12, 2003.

Filed Aug. 14, 2003.

John R. Clemency, Esquire, Phoenix,
AZ, for the defendant-appellant.

David S. Maring, Esquire, Bismark, ND,
for the plaintiff-appellee.

Before HUG, GIBSON,* and FISHER,
Circuit Judges.

* The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

## OPINION

JOHN R. GIBSON, Senior Circuit Judge.

Emil Marotzke appeals from an order reinstating Kazue Swedberg's dismissal of her complaint without prejudice. Marotzke contends his motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) was converted to a summary judgment motion because Swedberg filed extraneous materials with her opposition. Because Rule 41(a)(1) only permits dismissal without prejudice before a defendant has filed a summary judgment motion, Marotzke contends that Swedberg's notice of dismissal was not effective. The district court's [1] ultimate conclusion correctly applies the language of Rules 41(a)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and therefore we affirm.

### I.

This dispute arises out of Swedberg's efforts to collect payments on a loan. Swedberg alleges that Marotzke has failed to repay the loan, and that she has the right to collect.

Swedberg filed her complaint against Marotzke on November 5, 1999. Marotzke did not answer. Instead, on December 7, 1999, he filed a Rule 12(b)(6) motion to dismiss on statute of limitations grounds. On December 21, 1999, Swedberg filed an opposition to the motion to dismiss or, in the alternative, a motion to transfer. She included with her filing affidavits from her attorney (with attached copies of deposition and hearing transcript excerpts and an order from a bankruptcy case) and from a party to the loan (with attached copies of exhibits to the complaint and additional checks). The appended materials had to do with connecting the loan to Minnesota, which was relevant both to establish Minnesota as the forum state for statute of limitations and to support Swed-

berg's alternative motion for transfer. Marotzke filed his reply brief on January 5, 2000, and he likewise appended his own affidavit and excerpts from a bankruptcy hearing.

Thirteen days later, Swedberg filed her Rule 41(a)(1) notice of voluntary dismissal without prejudice. Marotzke followed with an opposition to the dismissal notice as untimely and a notice of hearing on his Rule 12(b)(6) motion and on his opposition to Swedberg's Rule 41(a)(1) notice. On January 26, 2000, Swedberg filed an opposition to a hearing, asserting that the case had concluded with her notice of dismissal. The court held a hearing on February 10, 2000.

During the hearing, the magistrate judge concluded that Swedberg's dismissal was untimely because the 12(b)(6) motion had been converted to a summary judgment motion by Swedberg's having submitted extraneous material with her opposition. However, he did not rule on the outstanding summary judgment motion. Instead, he gave both parties additional time to submit material in support of their positions and, in response to a question from Swedberg's counsel, confirmed that his ruling was based on his determination that the motion to dismiss was automatically converted to a summary judgment motion upon Swedberg's submission of material with her opposition. The magistrate judge issued a written order memorializing those rulings on February 15, 2000.

On February 17, 2000, Swedberg filed a motion for reconsideration and a supplemental brief in opposition to the motion to dismiss/summary judgment motion. Marotzke also filed a supplemental memorandum in support of his motion to dismiss, along with one affidavit and one exhibit. There was no more briefing and no more

---

**1.** The parties consented to magistrate judge jurisdiction.

hearings were held. Two years later, on February 15, 2002, the magistrate judge issued a second order. He granted Swedberg's motion to reconsider, thereby effectuating her notice of dismissal, and denied Marotzke's motion to dismiss as moot. The magistrate judge ruled that, because Swedberg had filed the dismissal notice before the court had decided to treat the Rule 12(b)(6) motion as a motion for summary judgment, the filing of the notice of dismissal "operated to dismiss the action upon its filing."

## II.

■ Marotzke argues that the district court reached the correct result in its first order because the motion to dismiss had been converted to a summary judgment motion and Swedberg could no longer unilaterally dismiss her complaint. The issue is whether the filing of extraneous material automatically converts a Rule 12(b)(6) motion into a summary judgment motion or whether some action by the district court, such as accepting the extraneous material or converting the motion, is necessary. We review de novo the district court's conclusion of law as to the interpretation of Rules 41(a)(1) and 12(b)(6). *See DP Aviation v. Smiths Indus. Aerospace & Def. Sys. Ltd.*, 268 F.3d 829, 846 (9th Cir. 2001) ("We also review de novo a district court's interpretation of the Federal Rules of Civil Procedure as an application of law.").

### A.

There is no dispute as to the sequence of events implicating the rules at issue. Marotzke chose not to file an answer. Rather, he filed a motion to dismiss, alleging that

Swedberg's claim was barred by the statute of limitations. He styled it a Rule 12(b)(6) motion, and he confined his argument to facts contained in the complaint. Marotzke filed no accompanying affidavits or documents other than a memorandum of points and authorities.

Swedberg opposed the motion and sought alternative relief in the event the district court found that her claim was barred by an Arizona three-year statute of limitations. She first asked that the lawsuit be transferred under 28 U.S.C. § 1406 to the District of Minnesota, as she asserted that it could have been brought there. She also asked that, if the Arizona statute of limitations was a bar, the complaint be dismissed without prejudice so she could re-file it in Minnesota.[2] She attached an affidavit from one of her attorneys attesting to the accuracy of appended deposition and bankruptcy court hearing transcripts and an affidavit of a party to the loan who described facts surrounding the loan transaction. These extraneous materials did not relate to the merits of the claim, but rather to Swedberg's effort to establish Minnesota as an appropriate venue. Marotzke filed a single reply brief, responding to all issues, and attached a bankruptcy court transcript and his own affidavit discussing the facts of the case.

Swedberg then filed her notice of dismissal without prejudice, asserting that it was effective upon filing "since the defendant has not served an Answer or Motion for Summary Judgment."[3]

Two of the Federal Rules of Civil Procedure are at issue. The relevant language of Rule 12(b) states:

---

**2.** In fact, she has done so. At argument, Swedberg's counsel explained that he filed an action in Minnesota to prevent preclusion of his client's claim on statute of limitations grounds, and that it has been stayed pending resolution of this action.

**3.** All of this activity occurred in a little over two months after service of the complaint. Neither side conducted discovery.

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Rule 41(a)(1) addresses the effect of a voluntary dismissal by plaintiff:

[A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs. . . . Unless otherwise stated in the notice of dismissal . . . , the dismissal is without prejudice. . . .

### B.

Our circuit has not been presented with the exact question of this intersection of Rules 12(b)(6) and 41(a)(1). However, we have separately considered the question of timing for Rule 41(a)(1) notices and the requirements for conversion of a Rule 12(b)(6) motion. Based on the holdings of these cases, we conclude that the district court must be affirmed.

 In *Hamilton v. Shearson–Lehman American Express, Inc.*, 813 F.2d 1532 (9th Cir.1987), Rule 41(a)(1) was at issue. After the plaintiff filed his complaint, the parties entered into a conditional stipulation that the defendants would not be required to file an answer. The plaintiff later filed a Rule 41(a)(1) notice of dismissal, which was heard and denied by the district court. 813 F.2d at 1534. This court reversed, noting that the district court was not required to act to effectuate the dismissal. "A voluntary dismissal by a

plaintiff under this subsection automatically terminates the action upon the filing of the dismissal with the clerk." *Id.* at 1534–35 (citing *Miller v. Reddin*, 422 F.2d 1264, 1266 (9th Cir.1970)). Following a recitation of the rule, we noted:

The language of this rule leaves little room for interpretation. Until an adverse party files an answer or a motion for summary judgment, the plaintiff can have the action dismissed merely by filing a notice of dismissal with the clerk. Rule 41(a)(1)(i) does not require leave of court to dismiss the action. The purpose of the rule is to facilitate the voluntary dismissal of an action, but safeguard abuse by limiting its application to an early stage of the proceedings.

*Id.* at 1534 (internal quotation marks omitted).

Our circuit has also considered the conversion of Rule 12(b)(6) motions to dismiss into summary judgment motions and essentially concluded that a district court must take some affirmative action to effectuate conversion. The first of these cases, *North Star International v. Arizona Corp. Commission*, 720 F.2d 578 (9th Cir.1983), is particularly relevant. In response to the complaint, the Commission filed a Rule 12(b)(6) motion which the district court granted. On appeal, plaintiff North Star urged this court to consider additional matters because North Star had filed with the district court a trial memorandum with 48 attached exhibits, which the district court did not exclude. North Star argued that the Commission's motion to dismiss was thus converted to a motion for summary judgment. *Id.* at 581. This court reviewed the record and rejected North Star's argument, as there was no indication that the district court had relied on the extraneous material in ruling on the motion to dismiss. We held that the district court had properly treated the motion

as a motion to dismiss. *Id.* at 582. Plaintiff's unilateral action was insufficient to cause a conversion.

In *Jackson v. Southern California Gas Co.*, 881 F.2d 638 (9th Cir.1989), the defendant filed a motion to dismiss and attached affidavits and other documents. The district court did not explicitly exclude those materials either at a hearing on the motion or in a written order. Quoting *North Star*, we noted that we must inquire whether the district court relied on the extraneous material, as a "motion to dismiss is not automatically converted into a motion for summary judgment whenever matters outside the pleadings happen to be filed with the court and not expressly rejected by the court." *Id.* at 642 n. 4. Upon review of the record, we concluded that the district court had not relied on the materials that the defendant had submitted and that the motion was properly characterized as one to dismiss under Rule 12(b)(6).

Our conclusion that the district court's order must be affirmed follows from the holdings of *Hamilton*, *North Star*, and *Jackson*. It is also consistent with the views of the Fourth and Sixth Circuits, which have issued opinions with full analyses of the interplay of Rules 12(b)(6) and 41(a)(1). They have held that courts must give effect to a plaintiff's notice of dismissal as long as this notice was filed before a district court had taken some action to

convert a 12(b)(6) motion to a summary judgment motion. *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp.*, 109 F.3d 993 (4th Cir.1997); *Aamot v. Kassel*, 1 F.3d 441 (6th Cir.1993).[4]

In *Finley*, the defendant filed a motion to dismiss and attached two affidavits. The plaintiff filed its notice of voluntary dismissal without prejudice after unsuccessfully moving for additional time to oppose defendant's motion. The district court granted defendant's motion to dismiss with prejudice. 109 F.3d at 994. On appeal, the defendant conceded that it had not answered the complaint, nor had it filed a summary judgment motion before plaintiff filed its notice of voluntary dismissal. Nevertheless, because it had supported its motion to dismiss with matters outside the record, the defendant argued that the motion was automatically converted into a summary judgment motion, and that the conversion occurred at the time the motion was served. *Id.* at 995.[5]

The Fourth Circuit rejected the defendant's argument and reversed. First, the court concluded that "the plain language of [Rule 12(b)(6) ] does not permit conversion upon service." *Id.* The rule directs that a motion with extraneous material is to be treated as a summary judgment motion only when the material is presented to and not excluded by the district court. Were

---

4. The Second Circuit, however, has held that a motion to dismiss and its opposition, both with attachments, precluded plaintiff from dismissing without prejudice. *Yosef v. Passamaquoddy Tribe*, 876 F.2d 283 (2d Cir.1989). The opinion contains very little discussion of the conversion of the motion to dismiss into a summary judgment motion. Rather than analysis, a single conclusory statement supports the holding: "These submissions were not excluded by the court and have become a part of the record on appeal. Accordingly, it is appropriate to treat the motion to dismiss under Rule 12(b)(6) as one for summary judgment." *Id.* at 286.

5. This is the same position that Marotzke asserts in his reply brief: that his 12(b)(6) motion was converted to a summary judgment motion *when it was served*. This position is understandable when asserted in *Finley*, because there the defendant who filed the motion took some action to cause it to be transformed. But where the event that allegedly caused the conversion happened later (when Swedberg filed extraneous material with her opposition), there is no reason to consider the conversion to be retroactive.

the conversion automatic upon service, the district court would not have any discretion to exclude the material. The rule's requirement that a court provide notice and an opportunity to supplement also would be negated. It also noted that its interpretation accords with "the better reasoned view" that conversion takes place at the discretion of the district court, and only when it affirmatively decides to consider the additional material. *Id.* at 996. The court also observed that no policy concerns weighed against its holding. *Id.* While recognizing that Rule 41(a)(1) is intended to allow a case to end in its early stages before the defendant has undergone significant time and effort in its defense, the court noted that the rule itself provides a simple remedy: a defendant may file an answer or move for summary judgment.

The court in *Finley* held that "a Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials." *Id.* at 997. The district court in *Finley* had indicated at a hearing on the motion to dismiss that it would rely on defendant's additional materials, but that hearing took place after plaintiff had filed its notice of dismissal. *Id.* at 994. The same is true in this case, and we agree with the Fourth Circuit's reasoning.[6]

In *Aamot v. Kassel,* the sequence of filings was similar. The district court granted the defendant's motion to strike the plaintiff's notice of dismissal because it was filed after the defendant filed a Rule 12(b)(6) motion which included matters outside the pleadings. The Sixth Circuit reversed, using analysis similar to that later employed in *Finley.* The *Aamot* court also observed that although some courts had concluded that voluntary dismissal is more readily barred when the defendant has spent considerable time and effort in litigation, it declined to engage in a "case-by-case analysis of the amount of effort expended by the defendants." 1 F.3d at 444 (internal quotation marks omitted). Instead, "[Rule 41(a)(1)] unambiguously requires a defendant, in order to make plaintiff put his money where his mouth is, to *serve* plaintiff with a summary judgment motion or an answer." *Id.* (emphasis in original).

Marotzke seeks to distinguish *Finley* and *Aamot* because they involved situations where the defendant introduced extraneous material in connection with a Rule 12(b)(6) motion, whereas in this case it was the plaintiff Swedberg who first submitted such material. The argument is not persuasive. Swedberg filed her notice of dismissal just over two months after serving the complaint. Neither party had conducted discovery, and the case was in its earliest stages. Marotzke's Rule 12(b)(6) motion was one page, and his supporting memorandum of points and authorities was two and one-half pages. Although his reply to Swedberg's opposition was longer than his motion, this is not a case where the defendant was required to undergo significant time and expense because the plaintiff included extraneous ma-

6. There is strong support in a well-recognized text for requiring a formal, court-ordered conversion:

> [T]hus, a notice of dismissal may be vacated only if filed after the time that the court has actually reviewed the motion to dismiss, determined whether to include or exclude the extraneous matters, notified the parties of the conversion to Rule 56, and expressly afforded the parties a reasonable opportunity to present materials relevant to a motion for summary judgment.

8 James Wm. Moore et al., *Moore's Federal Practice* § 41.33[5][c] (3d ed.1997).

terial with her opposition to the Rule 12(b)(6) motion.

The *Finley* and *Aamot* holdings are also consistent with *American Soccer Co. v. Score First Enterprises,* 187 F.3d 1108 (9th Cir.1999), which involved Rule 41(a)(1) but not Rule 12(b)(6). In *American Soccer,* this court held that Rule 41(a)(1) confers upon a plaintiff an absolute right to voluntarily dismiss the complaint before the defendant files an answer or summary judgment motion. The complaint alleged trademark infringement and unfair competition, and following the plaintiff's motion for a preliminary injunction, the district court held a lengthy hearing. The court announced that the hearing would proceed as a motion for summary judgment, and the parties introduced exhibits and put on witnesses. The day after the hearing ended, the plaintiff filed a notice of voluntary dismissal. The defendant sought to vacate the dismissal and, on appeal, argued that the parties and the court had invested the same time and effort as if a summary judgment motion had been filed. This court rejected defendant's argument because matters extraneous to other motions are not the equivalent of a summary judgment motion. *Id.* at 1112; *see also Duke Energy Trading & Mktg., L.L.C. v. Davis,* 267 F.3d 1042, 1049 (9th Cir.2001) ("Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them."); *Hamilton,* 813 F.2d at 1534–35 (a motion to compel arbitration was not the functional equivalent of a summary judgment motion, so the plaintiff's notice of dismissal must be recognized).

### C.

 Marotzke argues that Swedberg should not be allowed to dismiss her complaint because that would support and encourage forum-shopping, but we cannot accept that kind of reasoning. It is the federal rules, and particularly Rule 41(a)(1), not this court, that structures the parties' options here. Had this case proceeded just as it did, except that neither party submitted any extraneous materials, Swedberg's dismissal would have been effective without controversy. There, too, Swedberg could have been choosing a different forum if her initial choice turned out to be inhospitable. However, because Rule 41(a)(1) specifically allows a plaintiff to dismiss a complaint without prejudice in the face of a 12(b)(6) motion, such a dismissal is not regarded as forum-shopping.

Neither has Marotzke persuaded us that he has made a significant investment in the lawsuit, as just over two months elapsed between Swedberg's service of the complaint and her notice of dismissal. During that time, Marotzke had filed only one document, a one-page motion to dismiss with a two-and-a-half page memorandum of points and authorities. He could have obviated this situation by filing an answer and then filing a motion for judgment on the pleadings under Rule 12(c) relying upon the same statute of limitations theory he invoked in his motion to dismiss. Swedberg would not have been able to unilaterally dismiss with an answer on file.

This court cannot assume the role urged by Marotzke, that of rule-maker. We understand the argument that the rules may allow forum-shopping, but that argument is one for the Rules Committee and not for this court. We have rejected this request before, and we continue to do so. *See Hamilton,* 813 F.2d at 1535 ("The language of Rule 41(a)(1)(i) mandates [dismissal] and we are not free to amend or alter the rule as the appellees have urged us to do.").

### III.

A Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating, preferably by an explicit ruling, that it will not exclude those materials from its consideration. Until the district court has so acted, a plaintiff is free to file a proper notice of dismissal pursuant to Rule 41(a)(1). Defendants continue to enjoy the protection of that Rule, too, in that they may prevent unilateral dismissal by serving plaintiff with an answer.

AFFIRMED.