**Jodi WYATT, Plaintiff–Appellee,**

v.

**HORKLEY SELF–SERVE, INC.; Horkley Petroleum Products, Inc.; James H. Horkley, Defendants–Appellants.**

**Jodi Wyatt, Plaintiff–Appellee,**

v.

**Horkley Self–Serve, Inc.; Horkley Petroleum Products, Inc.; James H. Horkley, Defendants–Appellants.**

**Nos. 04–36070, 05–35670.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2006 *.

Filed Jan. 8, 2007.

Deanne Casperson, Holden Kidwell Hahn & Crapo, PLLC, Idaho Falls, ID, for Plaintiff–Appellee.

Ronald L. Swafford, Esq., R. James Archibald, Idaho Falls, ID, for Defendants–Appellants.

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM **

Defendants made a Federal Rule of Civil Procedure 68 offer of judgment to plaintiff Jodi Wyatt, who alleged that defendants violated Title VII and Idaho law. Wyatt accepted, knowing that defendants mistakenly did not include attorneys' fees as part of their offer. The district court entered judgment for Wyatt and awarded her attorneys' fees. We vacate the judgment and award, and remand.

We review the district court's interpretation of the Federal Rules of Civil Procedure de novo. *See Swedberg v. Marotzke,* 339 F.3d 1139, 1141 (2003). We review attorneys' fees awards for abuse of discretion. *See Wilcox v. City of Reno,* 42 F.3d 550, 553 (9th Cir.1994). "The usual rules of contract construction apply to interpreting the terms of a Rule 68 settlement offer...." *Guerrero v. Cummings,* 70 F.3d 1111, 1113 (9th Cir.1995) (quotations and citation omitted).

Defendants' Rule 68 offer did not limit costs, which in civil rights cases include attorneys' fees. 42 U.S.C. § 1988(b); *Erdman v. Cochise County,* 926 F.2d 877, 880 (9th Cir.1991). The district court therefore "include[d] in its judgment an additional amount which in its discretion it determine[d] to be sufficient to cover the costs." *Marek v. Chesny,* 473 U.S. 1, 6, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) (internal citation omitted).

Wyatt accepted defendants' Rule 68 offer despite knowing that defendants mistakenly believed that it included attorneys'

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

fees. Such knowledge was forcefully brought home to Wyatt by the fact that defendants had filed and served (by hand) a withdrawal of offer of judgment specifically revoking and rescinding their offer the day *before* Wyatt purported to accept the offer. Unilateral mistake is grounds for recision of an unexecuted contract. *United States v. Jones,* 176 F.2d 278, 285 (9th Cir.1949); *cf. Sulzer Bingham Pumps, Inc. v. Lockheed Missiles & Space Co., Inc.,* 947 F.2d 1362, 1366 (9th Cir. 1991). That is particularly true where, as here, "the material mistake of one party was ... known by the other." CORBIN ON CONTRACTS, § 28.41 (2002).

VACATED and REMANDED.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.