**EASTALCO ALUMINUM COMPANY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**F.W. MYERS & CO., INC., a/c Eastalco Aluminum Company, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**INTALCO ALUMINUM CORPORATION, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

Court Nos. 83–01–00092 to 83–01–00094, 83–01–00096, 83–01–00098, 84–04–00588, 83–05–00696 to 83–05–00699, 83–06–00792, 85–11–01644, 85–11–01645 and 88–10–00814.

United States Court of International Trade.

Feb. 11, 1991.

Neville, Peterson & Williams, John M. Peterson and Peter J. Allen, New York City, for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Bruce N. Stratvert, Civ. Div., U.S. Dept. of Justice, New York City, for defendant.

Joseph S. Kaplan and Andrew P. Vance, Richard Kaplan, Allan Kamnitz and Michelle F. Forte, of counsel, New York City, for amicus curiae Customs and Intern. Trade Bar Ass'n.

## OPINION

RESTANI, Judge:

These matters are before the Court of International Trade (CIT) on plaintiffs' Rule 59(a) motion for rehearing and reconsideration of the court's decision herein of October 26, 1990, *Eastalco Aluminum Company, et al. v. United States*, 14 CIT —, 750 F.Supp. 1135 (1990) (*Eastalco II*). The instant actions challenge United States Customs Service (Customs) denials of determinations as to tariff classification. The actions were suspended, prior to the filing of any pleadings, pending the determination of a test case. *See* CIT Rule 84. The test case resulted in the granting of the government's counterclaim for classification under a provision requiring greater duties than the provision under which Customs liquidated the merchandise at issue. *See Eastalco Aluminum Co. v. United States*, 13 CIT —, 726 F.Supp. 1342 (1989), aff'd, 916 F.2d 1568 (C.A.Fed.1990) (*Eastalco I*).

In *Eastalco II*, the court essentially prohibited plaintiffs from noticing dismissal of the suspended actions, despite language in CIT Rule 41(a) indicating they could notice dismissal prior to filing of an answer. The court ruled that CIT Rule 41(a) must be read in the context of the court's other rules with regard to suspension and counterclaims, in order to decipher its meaning. In its previous opinion, the court found that the rules of procedure were unclear and that both parties should have raised the issue of the effect of the counterclaim on the suspended actions at the outset. The court then weighed the equities and determined that the duties owed should be paid.

The parties and *amicus curiae*, Court of International Trade Bar Association, raise the same legal arguments that were addressed previously. Plaintiffs raise at least one new argument and further equitable arguments. While these arguments might have been raised initially, in the interests of justice the court allowed further oral argument and has reviewed its decision.

In addition to its previous arguments plaintiffs noted at oral argument that stays of proceedings, which may be analogous to suspensions, have been held not to prevent Rule 41(a)(1) dismissals. The cases on this point appear to involve a statutory right to stay proceedings and compel arbitration under the United States Arbitration Act, 9 U.S.C. §§ 1–14 (1988). *See, e.g., Hamilton v. Shearson–Lehman American Express, Inc.*, 813 F.2d 1532 (9th Cir.1987); *Merit Ins. Co. v. Leatherby Ins. Co.*, 581 F.2d 137 (7th Cir.1978). This matter is not without controversy. *See Merit, supra,* at 144–45 (Swygert, J., dissenting). Nonetheless, a statutory stay for arbitration purposes is not a close analogy to the suspensions at issue here. For example, the *Merit* majority notes defendant's right to answer. *See id.* at 143. Presumably the court believed defendant, the party who moved for a stay, might have answered before filing its motion. This court has indicated previously that almost all of the cases here were suspended before defendant had formulated its counterclaim, and there were no complaints which could be answered. Furthermore, the court is not prepared to say that every time a court orders a stay of proceedings, the cases applicable to stays for arbitration will apply.

Courts stay suits for many reasons. The Federal Rules of Civil Procedure and

the rules of this court do not describe when a general stay may be granted or what effect it shall have. That is a matter left to the decision-maker in each case, based on what it views as necessary for appropriate administration of its cases. Thus, just as a judge may set the length of a stay, presumably that judge may define what may or may not take place under a stay.

Generally if a case is stayed, no activity may take place by either party without obtaining court permission. The court sees no reason why, in certain circumstances, a stay could not *expressly* forbid dismissals, as well as discovery or pleadings. What a stay *implicitly* permits or forbids would appear to depend on the purpose of the stay.

Here the form of stay is a suspension which is largely defined by the rules of this court. The rules are silent, however, as to whether dismissals upon notice may take place under facts such as the ones involved here. CIT Rule 84(f) does state that an order suspending an action shall stay all further proceedings and "filing of papers." It would appear that under a literal reading of CIT Rule 84, notices of dismissal would not be permitted in any case while it is on the suspension calendar. Once the test case is completed, however, the cases suspended thereunder move to the suspension disposition calendar. *See* CIT Rule 85. While the rules governing the suspension disposition calendar do not address removal from that calendar by dismissal, notice of dismissal is an accepted practice under that rule, if counterclaims are not involved. Like CIT Rule 84, CIT Rule 85 is silent as to the effect of test case counterclaims on Rule 41(a) dismissals. In any case, whatever the implications of the language of CIT Rules 84 and 85, thus far the court has ruled only that the suspension system does not permit Rule 41(a) dismissals under the particular facts before the court, that is, identical merchandise, years of litigation, and numerous opportunities to terminate the litigation, or substantial parts of it, earlier. *See Eastalco II.* It makes no ruling as to Rule 41(a) dismissals in other circumstances. Plaintiffs and *amicus curiae* also raise equitable arguments which

are slightly more developed than in initial briefing.

Plaintiffs' view is that, whether CIT Rule 41(a) supports plaintiffs' position or is unclear, remedies were available to defendant. In plaintiffs' view the prejudice to defendant is its own fault, whereas plaintiffs are penalized, not by their own inaction, but by the court's misinterpretation of the rules or by a lack of a common understanding of the rules. Plaintiffs believe that, in order to avoid CIT Rule 41(a) dismissals, defendant could have sought removal from suspension and could have forced the filing of pleadings, either for the purpose of resuspension or for consolidation for trial.

The court has already addressed the point that resuspension is not a favored outcome under the rules. *See id.* 14 CIT at ——, 750 F.Supp. at 1143. Thus, under plaintiffs' view, after compelling pleadings the court apparently could be left with massive consolidations. As indicated by the court, such consolidations would defeat the purpose of the suspension system and also would deprive plaintiffs of the "no res judicata" rule applicable to classification cases. *See id.* at ——, 750 F.Supp. at 1137. Therefore, the court remains unconvinced that defendant had readily available and recognized remedies under the rules, which it should have employed.

■ Plaintiffs and *amicus curiae*, however, continue to argue that the equities were improperly weighed because, despite the court's view of the rules, the bar as a whole understood the rules as plaintiffs did. They argue that plaintiffs are prejudiced by what is, in effect, a failure to apply the rules as understood by practitioners. The court is keenly aware that rules, whether good or bad, should not be changed without notice. Furthermore, if the rules of court are generally understood by the bar to operate in a certain manner, this would be of relevance to the court's balancing of the equities, as well as to proper interpretation of the rules. Accordingly, this point was of great concern to the court and the court pressed *amicus*

*curiae,* the prime proponent of this view, for evidence of the bar's understanding.

No affidavits were submitted indicating that the particular issue before the court had been discussed at bar conferences or meetings prior to the court's decision. No practice manuals or treatises were cited on this point. In addition, neither plaintiffs nor *amicus curiae* could point to any prior case in which the United States permitted dismissal of cases suspended under a test case in which defendant was successful on its counterclaim and in which a monetary recovery to the United States would have resulted if the test cases were resolved similarly. On the other hand, a representative of the United States stated that plaintiffs' view was not the universally accepted view and cited to earlier cases in which judgments were stipulated in suspended cases, without pleadings, on the basis of a successful test case counterclaim. *See Minolta Corp. v. United States* Court Nos. 83–08–01144, *et al.* Stipulated Judgment on Agreed Statement of Facts (May 7, 1990). Plaintiff disputes whether such dismissals would have been economically disadvantageous to plaintiff in the particular circumstance. In any case, the outcome of this discussion appears to be that there is no clear evidence of a practice at odds with the court's interpretation of the rules.

Accordingly, the court finds that the equities are not different from the court's original understanding. Until the rules of court are amended, parties are on notice to agree early on to a method for disposition of the cases, suspended or to be suspended under a test case involving a counterclaim. Failing agreement of the parties, the court should be apprised so that it can expressly state the effect of the suspension in order to delineate options before they are lost. The court remains of the view that Rules 41(a), 13, 84, and 85 do not permit notices of dismissal under the facts presented here.