APPLE COMPUTER, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court Nos. 89–06–00336, 89–12–00643, and 90–07–00358

(Decided July 25, 1991)

*Baker & McKenzie, (Bruce H. Jackson* and *Jay C. Clemens),* for plaintiff.
*Stuart M. Gerson,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, United States Department of Justice *(Saul Davis)* for defendant.

MEMORANDUM OPINION AND ORDER

DiCARLO, *Judge:* Plaintiff moves for the designation of court number 89–06–00336 as a test case and for the suspension of court numbers 89–12–00643 and 90–07–00358 (the "reserve cases") under the proposed test case. Defendant initially sought stays of the reserve cases

pending the outcome of court number 89–06–00336 but now conditionally consents to the designation and suspension provided suspension precludes plaintiff from voluntarily dismissing the suspended cases pursuant to Rule 41(a)(1)(A) of the Rules of this Court. The Court denies the motion to designate and suspend and the motions for stays. Plaintiff is granted until September 3, 1991 in which either to file complaints in the reserve cases or to dismiss those actions.

## BACKGROUND

In the reserve cases, plaintiff commenced the actions by filing only a summons as authorized by Rule 3(a)(1) of the Rules of this Court. Since plaintiff has not filed complaints in the reserve cases, defendant has not been able to file an answer or to assert a counterclaim in those actions.

Under Rule 84(e) of the Rules of this Court, "[a] motion for suspension may be made *at any time * * *.*" (emphasis added.) Rule 41(a)(1) of the Rules of this Court provides in part,

> an action may be dismissed by the plaintiff without order of court (A) by filing a notice of dismissal * * * *at any time before service by the adverse party of an answer* or motion for summary judgment, whichever occurs first, or (B) by filing a stipulation of dismissal * * *.

(emphasis added.) Defendant seeks to preserve its ability to file counterclaims in the reserve cases by having the Court preclude voluntary dismissal.

## DISCUSSION

Defendant's motion for a stay is based on *Eastalco Aluminum Co. v. United States*, 14 CIT 724, 750 F. Supp. 1135 (1990), *adhered to after reconsideration*, 15 CIT 32, 757 F. Supp. 1422 (1991), *appeal docketed*, Number 91–1234 (Fed. Cir. Mar. 5, 1991). In *Eastalco*, the government objected to the plaintiff's attempt to use Rule 41(a)(1)(A) to dismiss suspended cases after the government succeeded on its counterclaim in the test case. Under those circumstances, the *Eastalco* court prohibited plaintiff from exercising its Rule 41(a)(1)(A) rights after a final judgment had been rendered in the test case.

In this case, defendant knew it had a counterclaim to assert prior to a decision on the motion for suspension and properly refused to give a blanket consent to suspension. *See Eastalco*, 14 CIT at 733, 750 F. Supp. at 1142 ("The easy solution of not consenting to suspension until all pleadings were served * * * probably would not have occurred to defendant as an option to consider until it knew it had a counterclaim."). In the absence of full consent from defendant, and because of the unsettled nature of the legal questions presented in the motion to suspend, the Court, in its discretion, denies plaintiff's motion to designate court number 89–06–00336 a test case and suspend the reserve cases. The Court also denies defendant's motions to stay the reserve cases.

Under this approach, one of three things will occur: pleading in the reserve cases will continue, permitting defendant to perfect its counter-

claims; plaintiff will dismiss the reserve cases under Rule 41(a)(1)(A); or the cases will be dismissed for want of prosecution.

Plaintiff filed the summons in court number 90–07–00358, the most recently filed of these three actions, on July 20, 1990. Under Rule 83(a) of the Rules of this Court, court number 90–07–00358 must be removed from the reserve calendar by July 31, 1991 or be subject to dismissal for lack of prosecution under Rule 83(c). The Court orders the Clerk of the Court to extend the time in which both reserve cases may remain on the reserve calendar until September 3, 1991.

This procedure is consistent with *Eastalco* to the extent that case counsels against early suspension where the defendant knows it has a counterclaim to assert. Defendant will not be unduly prejudiced because it will either be able to assert its counterclaims or have to be content with its original classification. Any loss to the government resulting from the government's inability to assert its counterclaims is minimal in light of the presumption that its original classification is correct and because, absent plaintiff's challenge, that classification would have prevailed at the time of liquidation. *See* 28 U.S.C. § 2639(a)(1) (1988). Plaintiff must now decide whether it chooses to dismiss the reserve cases or pursue them and risk losing on the counterclaim. *Cf. Eastalco,* 14 CIT at 735, 750 F. Supp at 1144 ("[l]itigation involves some risks").

Once the pleadings are complete the Court will entertain a renewed motion to suspend. Alternatively, the Court will consider consolidating all three actions under rule 42(a) of the Rules of this Court. Until the Federal Circuit decides the appeal in *Eastalco* or the Court amends its rules to address this issue, the procedure adopted here appears to strike a reasonable balance between the parties' competing interests.

CONCLUSION

Plaintiff's motion to designate court number 89–06–00336 a test case and suspend court numbers 89–12–00643 and 90–07–00358 is denied without prejudice. The Court denies defendant's motions for stays in court numbers 89–12–00643 and 90–07–00358. Plaintiff is granted until September 3, 1991 in which to file complaints in court numbers 89–12–00643 and 90–07–00358.