MARCEL WATCH CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 84–10–01406 etc.

(Dated July 20, 1993)

*Freeman, Wasserman & Schneider (Patrick C. Reed)* for the plaintiff.
*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, U.S. Department of Justice, Civil Division *(James A. Curley)* for the defendant.

MEMORANDUM AND ORDER

AQUILINO, *Judge:* In the aftermath of vacation by the Court of Appeals for the Federal Circuit of an injunction *sub nom. Eastalco Aluminum Co. v. United States,* 14 CIT 724, 750 F. Supp. 1135 (1990)[1], the defendant has interposed a motion (1) to remove the above-encaptioned action and those docketed under CIT Nos. 85–03–00353, 85–09–01162, 85–09–01285, 86–02–00164, 86–04–00452–S, 86–11–01428–S and 86–12–01582–S from a suspension calendar established pursuant to CIT Rule 84(a); and (2) for an order "directing the plaintiffs either to file complaints or notices of abandonment in these actions within twenty (20) days of the date of entry of the order, or allow the cases to be dismissed for lack of prosecution."

I

The injunction in *Eastalco* issued after the court had decided the merits of that consolidated test case by grant of judgment for the government on an alternative classification asserted via a counterclaim. *See Eastalco Aluminum Co. v. United States,* 13 CIT 864, 726 F.Supp. 1342

---

[1] *See Eastalco Aluminum Co. v. United States,* 995 F.2d 201, No. 91–1234 (Fed.Cir. June 3, 1993).

(1989). The plaintiff importer appealed. The government filed motion(s) in the actions suspended under the test case for an order (a) removing them from the suspension calendar, (b) granting the defendant leave to plead a counterclaim in each and (c) enjoining the plaintiffs from dismissing the actions unilaterally before assertion of the counterclaims. The Federal Circuit affirmed the judgment on the merits[2], whereupon the government was granted the requested equitable relief. *See* 14 CIT at 735, 750 F.Supp. at 1144.

The affected importers appealed, and, as indicated above, the court of appeals has now vacated that injunction, stating:

> The trial court * * * delayed ruling on the government's motion until after this court affirmed the trial court's judgment for the government in the test case. Since the government had won, it appears that the trial court felt compelled to fashion a remedy to prevent Eastalco from voluntarily dismissing the suspended cases and thereby denying the government the full fruits of its counterclaim victory. Because Rule 41(a)(1) draws a bright line and is unambiguous and because the problem of applying the test case/suspension procedure in a manner compatible with Rule 41(a)(1) arose because of the government's own delay, we are convinced that the trial court's attempt to alter Eastalco's right to voluntary dismissal was error.[3]

In addition to this ruling, defendant's motion herein has been preceded by this court's decision *sub nom. Marcel Watch Co. v. United States,* 16 CIT 474, 795 F.Supp. 1199 (1992), and stipulated final judgment entered pursuant thereto, *appeal docketed,* No. 93–1194 (Fed.Cir. Feb. 4, 1993). That was also designated a test case pursuant to CIT Rule 84(b), familiarity with which is presumed, in which part of the judgment requires reliquidation of duties under a TSUS item other than the one relied upon by Customs, thereby, at least arguably, increasing the amount(s) owed by the plaintiff importer(s), not only in the test case but potentially in the above-referenced actions which have been suspended thereunder.

## II

In any event, the only difference between the situation in *Eastalco* and the actions at bar is that the court of appeals has not yet decided the appeal on the merits herein. The defendant states in its motion [page 3, n. 2]:

> In *Eastalco* this Court saw no particular benefit to removing the cases from suspension during the pendency of the appeal. Here, the Government intends to proceed with these cases in order to perfect its counterclaim and, as appropriate, obtain final judgments. We will be material prejudiced if we cannot proceed at this time. Plaintiffs will not be materially prejudiced since they can either proceed

---

[2] *See Eastalco Aluminum Co. v. United States,* 916 F.2d 1568 (Fed.Cir. 1990).
[3] *See supra* note 1, Slip Op. at 8.

to litigate these cases or choose to voluntarily abandon them or allow them to be dismissed for lack of prosecution. Both this Court and its appellate court recognize that the existing suspension of action does not constitute a waiver of defendant's right to assert a counterclaim and the pendency of an appeal does not preclude this Court from determining that it is in the interest of justice to remove a case from suspension even if the test case is not final.

However, the teaching of the court of appeals, as quoted above, is that the timing of an attempt to remove from the suspension calendar is crucial. To quote further:

* * * [T]he government tried to remove the suspended cases from the Suspension Calendar by filing a motion under Rule 84(g). It delayed in making this motion until after the trial court issued its decision on the counterclaim issue in the test case, although it could have been made at the time the counterclaims were first asserted. Had the government followed the latter course, the provisions of Rule 84(g) could have been met, i.e., "for the purpose of moving the action toward final disposition." At that time, the trial court in granting the motion could have ordered that pleadings be filed and that the cases either be resuspended or consolidated with the test case for trial. * * * Such an order would have put Eastalco to an immediate election—(1) either dismiss the cases under Rule 41(a)(1) or (2) proceed with the filing of complaints, after which the government's counterclaim would be asserted, and run the risk of an adverse decision on the counterclaim issue.[4]

In its instant motion, the defendant has produced, and relies upon, a copy of a written notice to plaintiffs' counsel on December 21, 1990 of its intent to assert specified alternative classifications as counterclaims in the suspended actions. While there thus may have been timely notice, it did not result in timely steps in the direction indicated by the defendant, which is now confronted with the reasoning of the court of appeals that Rule 41(a)(1) *"unambiguously* gives a plaintiff the right to dismiss an action before the defendant serves an answer or motion for summary judgment"[5] and that that right "may not be extinguished or circumscribed by adversary or court."[6] Hence, this court is constrained to conclude that the defendant is bound herein by the decision in *Eastalco.*

Moreover, whatever the respective equities, this court is unable to conclude that grant of defendant's motion now would further the goals set forth in CIT Rule 1 of securing just, speedy and inexpensive determination of the actions covered by it. As the court pointed out in *Generra Sportswear, Inc. v. United States,* 16 CIT 313, Slip Op. 92–62 at 5 (April

---

[4] *Id.* at 7–8 (citation omitted). This court notes in passing that, effective January 1, 1993, the paragraph of Rule 84 governing removal from suspension has been relettered from "g" to "h".

[5] *Supra* note 1, Slip Op. at 5 (emphasis in original), citing *Hamilton v. Shearson-Lehman American Express, Inc.,* 813 F.2d 1532, 1535 (9th Cir. 1987); *Winterland Concessions Co. v. Smith,* 706 F.2d 793, 795 (7th Cir. 1983); *Thorp v. Scarne,* 599 F.2d 1169, 1175–76 (2d Cir. 1979); *D.C. Elecs., Inc. v. Nartron Corp.,* 511 F.2d 294, 298 (6th Cir. 1975); *Pilot Freight Carriers, Inc. v. International Bhd. of Teamsters,* 506 F.2d 914, 915 (5th Cir.), *cert. denied,* 422 U.S. 1048 (1975); *American Cyanamid Co. v. McGhee,* 317 F.2d 295, 297 (5th Cir. 1963).

[6] *Supra* note 1, Slip Op. at 6, quoting *American Cyanamid Co. v. McGhee,* 317 F.2d 295, 297 (5th Cir. 1963).

28, 1992), quoting *H.H. Elder & Co. v. United States,* 69 Cust.Ct. 344, 345, C.R.D. 72–28 (1972):

> The purpose of the test case/suspension procedure is to "facilitate the disposition of actions, eliminating the necessity of trying the same issue over and over again, and dispensing with the filing of complaints and answers in actions which in all likelihood will never be tried."

Ergo, defendant's motion (1) to remove the above-encaptioned action and those docketed under CIT Nos. 85–03–00353, 85–09–01162, 85–09–01285, 86–02–00164, 86–04–00452–S, 86–11–01428–S and 86–12–01582–S from a suspension calendar established pursuant to CIT Rule 84(a); and (2) for an order "directing the plaintiffs either to file complaints or notices of abandonment in these actions within twenty (20) days of the date of entry of the order, or allow the cases to be dismissed for lack of prosecution" must be, and it hereby is, denied.