**Dwight A. FOSS and Nellie Foss, husband and wife, Appellants,**

v.

**FEDERAL INTERMEDIATE CREDIT BANK OF SAINT PAUL, Production Credit Association of Fargo, Merrill Knodle, Bernard Johnson, Charles Troftruben, Appellees.**

**No. 85–5449.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1986.
Decided Dec. 31, 1986.

John Remington Graham, Brainerd, Minn., for appellants.

Paul F. Richard, Fargo, N.D., for appellees.

Before HEANEY and WOLLMAN, Circuit Judges, and DUMBAULD,* United States Senior District Judge.

HEANEY, Circuit Judge.

The question raised on this appeal is whether appellants should have been allowed to file a voluntary dismissal without prejudice pursuant to Fed.R.Civ.P. 41(a)(1)(i).

▮ Dwight and Nellie Foss commenced the instant action in federal district court against the Production Credit Association of Fargo and others (collectively referred to as appellees) seeking a judgment declaring various instruments evidencing their indebtedness to the Fargo PCA invalid, an injunction restraining the Fargo PCA from foreclosing on its interest to collect on the instruments, $8 million in compensatory damages, $15 million in punitive damages, costs, and attorneys' fees. On March 25, 1985, the appellees responded to the Fosses' pro se complaint by bringing a motion for a more definite statement pursuant to Fed.R.Civ.P. 12(e). The case was referred to a magistrate who ordered an evidentiary hearing to determine the date, purpose, amount, and security for each of the Fosses' loans in order to better determine the applicability of the Truth in Lending Act, 15 U.S.C. §§ 1601–67. The hearing was held on August 21, 1985. On October 28, 1985, the magistrate issued recommendations and a proposed order concluding that the complaint lacked merit and should be dismissed. On November 12, 1985, fifteen days after the magistrate's recommendation was issued, the Fosses petitioned the district court for review of the magistrate's recommendation.[1]

Before the district court could review the matter, the Fosses tendered a voluntary dismissal, without prejudice, to the clerk of

---

1. As a preliminary matter, appellees argue that the Fosses have waived their right to appeal the magistrate's recommendations to this Court because they failed to object to the recommendations in district court within the ten-day limit imposed by the local rules. See N.Dak.Fed.Dist. Ct.R. 28(G)(5). The argument is without merit. Since the issues addressed by the magistrate were, at the least, a mixture of law and fact and the local rule does not clearly indicate that failure to object operates as a waiver of the right to appeal, the instant case fits squarely within past cases of this Circuit holding that failure to timely object to a magistrate's report is no bar to an appeal. See *Francis v. Bowen,* 804 F.2d 103 (8th Cir.1986); *Nash v. Black,* 781 F.2d 665, 667 (8th Cir.1986); *Messimer v. Lockhart,* 702 F.2d 729, 730–31 (8th Cir.1983); *Lorin Corp. v. Goto & Co.,* 700 F.2d 1202, 1206 (8th Cir.1983); cf. *Thomas v. Arn,* —— U.S. ——, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) (allowing courts of appeals to develop rules in this area).

the district court for filing pursuant to Fed.R.Civ.P. 41(a)(1)(i). The dismissal was signed by the Fosses and out-of-state counsel who had not yet been substituted for the Fosses as counsel in the case. The district court, however, refused to allow the dismissal to be filed because out-of-state counsel had failed to follow the proper procedures for filing documents with the court. Proceeding to the merits, on November 20, 1985, the district court issued an order, based on a *de novo* examination of the case, accepting the magistrate's recommendation and finding the complaint "not well grounded in fact or warranted by law and totally frivolous." Thus, the district court dismissed the action with prejudice and, in addition, awarded the appellees a five hundred dollar judgment against the Fosses, as a sanction under Fed.R.Civ.P. 11, representing compensation for costs and attorneys' fees incurred in defending the suit. The Fosses appeal. We reverse.

■ In support of the district court's ruling, the appellees argue that the voluntary dismissal was ineffective because counsel failed to comply with the local rules for filing documents with the court. Local rule 2(d) prohibits attorneys not admitted to practice before the North Dakota Federal District Court from filing any pleading or instrument with that court unless the attorney first associates local counsel and files notice of such association with the court. The rule, however, is inapplicable to this case. Although the Fosses had retained out-of-state counsel who prepared and signed the voluntary dismissal, the out-of-state counsel did not attempt to file it. To the contrary, the evidence shows that it was the Fosses who attempted to file the document. Out-of-state counsel knew there was insufficient time to associate local counsel and substitute himself as counsel of record for the Fosses. Thus, he instructed the Fosses to sign the dismissal and file it with the court. That the Fosses signed the document and remained counsel of record should have led the court to conclude that they properly filed the document. *Cf.* Fed.R.Civ.P. 8(f) ("All plead-

ings shall be so construed as to do substantial justice.").

Alternatively, the appellees argue that even if the dismissal was properly filed it came too late in the proceeding to be effective as of right pursuant to Fed.R.Civ.P. 41(a)(1)(i). The rule states:

> [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.

*Id.*

The appellees do not contend that they have served either an answer or a motion for summary judgment upon the Fosses so as to fit within the literal terms of the rule. Rather, they argue that by finding the complaint without merit and frivolous for purposes of Fed.R.Civ.P. 11 and by considering matters outside of the pleadings, the district court converted its own Rule 11 inquiry into the equivalent of a motion for summary judgment. Moreover, appellees argue that, in any event, once the trial court has considered the merits of a claim, the plaintiff should not be allowed to voluntarily dismiss the action. *See, e.g., Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir.1953) (prohibiting dismissal as of right pursuant to Fed.R.Civ.P. 41(a)(1)(i) once court has considered the merits of a claim).

The appellees' arguments, however, misconstrue the nature and purpose of Rule 41(a)(1)(i). The rule does not require a plaintiff to bring a motion in order to voluntarily dismiss an action. Rather, the rule was intended to be executed by simply filing notice with the court. In questioning the continuing validity of the *Harvey Aluminum* case relied upon by the appellees, the Second Circuit recognized that the self-executing nature of the rule requires its strict application. The court stated:

> Obviously, Rule 41(a)(1)(i) dismissals will no longer be self executing, as intended, if there is to be frequent judicial intervention for the purpose of determining whether the "equivalent" of an answer

**660**

or a motion for summary judgment has been served or for the purpose of weighing whether the merits have been sufficiently considered by the court to warrant terminating the plaintiff's right to dismiss the proceedings.

*Thorp v. Scarne,* 599 F.2d 1169, 1176 (2d Cir.1979).

■ Both this Court and other courts have recognized that Rule 41(a)(1)(i) must not be stretched beyond its literal terms if it is to serve its intended purpose. *See, e.g., In Re Piper Aircaft Distribution System Anti-trust Litigation,* 551 F.2d 213, 220 (8th Cir.1977) ("The purpose of Rule 41(a)(1)(i) is to fix the point at which the resources of the court and the defendant are so committed that dismissal without preclusive consequences can no longer be had as of right. This point is now fixed at a relatively early stage of the proceedings: the time when the defendant first answers or files a summary judgment motion."); *Winterland Concessions v. Smith,* 706 F.2d 793, 795 (7th Cir.1983) (embracing a literal application of Rule 41(a)(1)(i)); *Exxon Corp. v. Maryland Casualty Co.,* 599 F.2d 659, 661 (5th Cir.1979) (same); *Carter v. United States,* 547 F.2d 258, 259 (5th Cir.1977) ("Rule 41 * * * sanctions no * * case by case analysis of the amount of effort expended by defendants. * * * We have consistently held that Rule 41(a)(1) means what it says."). Since at the time the Fosses filed their notice of voluntary dismissal with the clerk of the district court, the appellees had not yet served an answer or a motion for summary judgment, the district court erred in refusing to give effect to the dismissal. The district court was, therefore, without jurisdiction to pass upon the merits of the case. Thus, we reverse the district court and hereby order the case dismissed without prejudice.