187 F.3d 1108 (9th Cir. 1999)
 AMERICAN SOCCER COMPANY, INC., a California Corporation, Plaintiff-Appellant,
v.
SCRE FIRST ENTERPRISES, a division of Kevlar Industries; KEVLAR INDUSTRIES, a California corporation, Defendants-Appellees.
 97-55986
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted February 2, 1999
Filed August 13, 1999
 
 Robert M. Dawson, Fulbright & Jaworski, Los Angeles, California, for the plaintiff-appellant.
 John E. Kelley, Kelly Bauersfeld Lowry & Kelley, Los Angeles, California, for the defendants-appellees.
 Appeal from the United States District Court for the Central District of California Manuel L. Real, Chief Judge, Presiding. D.C. No. CV-97-00878-R.
 Before: Harry Pregerson, Robert Boochever, and Michael Daly Hawkins, Circuit Judges.
 OPINION
 BOOCHEVER, Circuit Judge:
 
 
 1
 American Soccer appeals from the district court's order vacating its notice of voluntary dismissal. Because the notice of voluntary dismissal was filed prior to the filing of an answer or motion for summary judgment, we reverse.
 
 FACTS
 
 2
 American Soccer Company, Inc. ("American Soccer") has sold soccer equipment, uniforms, and other soccer-related merchandise for over ten years under the trademark "Score" and bearing a "Score" logo. In 1995, Kevlar Industries, Inc. ("Kevlar") formed a division named "Score First," which in 1996 began selling sports clothing with logos containing the words "Score First."
 
 
 3
 On February 10, 1997, after it learned that Score First was selling clothing bearing the "Score First" logo, American Soccer filed a complaint alleging trademark infringement and unfair competition, requested a jury trial, and sought a temporary restraining order. The district court denied the application for a temporary restraining order the same day without a hearing.
 
 
 4
 On February 21, American Soccer filed a motion for a preliminary injunction. Score First requested, and American Soccer stipulated to, an extension of time for Score First to respond. The court approved the extension, and, pursuant to its authority under Fed. R. Civ. P. 65(a)(2), suasponte consolidated the preliminary injunction hearing and trial for March 17, 1997. The parties thereafter conducted expedited discovery, including depositions and document production, and Score First filed motions in limine to exclude evidence.
 
 
 5
 When the parties appeared for the hearing on March 17, the district court announced "this matter is going to proceed as a motion for summary judgment, cross-motions for summary judgment." American Soccer asserted its right to a jury trial, but the district court continued without addressing the issue. Over two days and seven hours, both sides introduced exhibits and examined witnesses. At the end of testimony, the district court did not allow summation, instead directing the parties to present "material facts that they believe are without contest to prove their case or to grant the summary judgment to that party." The court also asked for post-trial briefs to be filed three weeks later on April 10, 1997, stating that when the briefs were filed "I'll make a determination as to whether or not I need any further hearing in the matter."
 
 
 6
 The day after the hearing ended, March 20, 1997, American Soccer filed a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a), dismissing the complaint against Score First and Kevlar without prejudice. The following day Score First attempted to file an answer to the complaint, but the district court rejected the filing because the case had been dismissed.
 
 
 7
 A month later, Score First filed a motion to vacate the voluntary dismissal. After a hearing, the district court dismissed American Soccer's complaint with prejudice and ordered American Soccer to pay $20,000 in attorney fees to Score First.
 
 
 8
 This appeal followed.
 
 DISCUSSION
 
 9
 This case presents the issue whether Federal Rule of Civil Procedure 41(a)(1)(i) confers upon a plaintiff an absolute right to voluntary dismissal before the defendant files an answer or a motion for summary judgment, or whether the district court may deny or vacate such a voluntary dismissal. That is a question of law which we review de novo. See Hilao v. Estate of Marcos, 95 F.3d 848, 851 (9th Cir. 1996).
 
 
 10
 Rule 41(a)(1)(i) provides: "[A]n action may be dismissed by the plaintiff without any order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." The rule confers on the plaintiff
 
 
 11
 an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. A plaintiff may dis miss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dis missal is effective on filing and no court order is required . . . . The filing of a notice of voluntary dis missal with the court automatically terminates the action as to the defendants who are the subjects of the notice . . . . Such a dismissal leaves the parties as though no action had been brought.
 
 
 12
 Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) (citations and footnote omitted); see Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995).
 
 
 13
 This "absolute right" for a plaintiff voluntarily to dismiss an action when the defendant has not yet served an answer or a summary judgment motion leaves no role for the court to play.
 
 
 14
 The language of rule 41 (a)(1) is unequivocal. It permits a plaintiff to dismiss an action "without order of court." . . . "Th[e] [filing of notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or cir cumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing."
 
 
 15
 Pedrina v. Chun, 987 F.2d 608, 610 (9th Cir. 1993) (quoting American Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963)).
 
 
 16
 American Soccer filed its voluntary dismissal before Score First attempted to file its answer, and Score First never served a motion for summary judgment. Accordingly, American Soccer argues that it had the "absolute right " to end the action by voluntary dismissal under Rule 41(a)(1)(i), and that the district court had no authority to grant Score First's motion to vacate the voluntary dismissal.
 
 
 17
 Score First, however, would graft an exception onto the plaintiff's absolute right to a voluntary dismissal in these circumstances. Score First maintains that the advanced stage of the case and the effort expended by the court during the hearing are circumstances justifying an exception to the rule.
 
 
 18
 Score First relies on a forty-six-year-old case for its attempt to qualify Rule 41(a)(1)(i)'s guarantee of a plaintiff's right to a voluntary dismissal. In Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105 (2d Cir. 1953), the plaintiffs obtained a temporary restraining order against the defendants. The district court held a hearing on the plaintiff's motion for a permanent injunction and then denied it, stating that the plaintiffs' chances of success on the merits were" `remote, if not completely nil.' " Id. at 107. The plaintiffs subsequently filed a notice of voluntary dismissal under Rule 41(a)(1), and the district court denied the defendants' motion to vacate.
 
 
 19
 The Second Circuit reversed. Although the plaintiffs filed the notice of voluntary dismissal before the defendants served an answer or a motion for summary judgment, "a literal application of Rule 41(a)(1) to the present controversy would not be in accord with its essential purpose ofpreventing arbitrary dismissals after an advanced stage of a suit has been reached." Id. at 108. Because the defendants had been put to considerable research and preparation, because the hearing lasted several days and had an extensive record, and because the merits had been raised and the district court had indicated that the plaintiffs' chances of success were small, the Harvey Aluminum court concluded that the district court erred in fail- ing to vacate the notice of dismissal.
 
 
 20
 Score First argues that this case presents similar circumstances to Harvey Aluminum. Because the case advanced as far as it did, Score First contends that the purpose of Rule 41(a) -- allowing voluntary dismissal only in the early stages of a suit -- should control over the rule's literal language, which allows for a voluntary dismissal at any time before the filing of an answer or a motion for summary judgment.
 
 
 21
 Harvey Aluminum, however, stands alone in Rule 41 case law. No other court of appeals has found circumstances barring a plaintiff from filing a notice of dismissal before the service of an answer or a motion for summary judgment. This court has emphasized the absolute nature of the right of voluntary dismissal, which "may not be extinguished or circumscribed by adversary or court." Pedrina, 987 F.2d at 610 (internal quotations omitted). As the Seventh Circuit has noted, "Harvey has been considered, distinguished, and criticized in many subsequent cases." Merit Ins. Co. v. Leatherby Ins. Co., 581 F.2d 137, 141-42 (7th Cir. 1978). Courts have refused to weigh the amount of effort expended by the defendant or the district court, instead holding that "rule 41(a)(1) means what it says." Carter v. United States , 547 F.2d 258, 259 (5th Cir. 1977); see, e.g., Marex Titanic, Inc. v. The Wrecked and Abandoned Vessel, 2 F.3d 544, 547 (4th Cir. 1993) ("With the issue squarely before us, we reject the Harvey Aluminum exception to the plain meaning of Rule 41(a)(1)(i)'s text."); Manze v. State Farm Ins. Co., 817 F.2d 1062, 1066 & n.4 (3d Cir. 1987) ("only an answer or a summary judgment motion can extinguish a plaintiff's right to dismiss the complaint without prejudice," and Harvey Aluminum retains little vitality); Foss v. Federal Intermediate Credit Bank of Saint Paul, 808 F.2d 657, 659-60 (8th Cir. 1986) ("Rule 41(a)(1)(i) must not be stretched beyond its literal terms if it is to serve its intended purpose, " and questioning the continued validity of Harvey Aluminum ); Universidad Central del Caribe, Inc. v. Liaison Comm. on Medical Educ., 760 F.2d 14, 18-19 (1st Cir. 1985) ("Harvey Aluminum has not been well-received," and Rule 41(a)(1) should be applied literally except in the "extreme" case); Winterland Concessions Co. v. Smith, 706 F.2d 793, 795 (7th Cir. 1983) (Rule 41(a)(1) "simplifies the court's task by telling it whether a suit has reached the point of no return," and Harvey Aluminum "has been repudiated"); Exxon Corp. v. Maryland Cas. Co., 599 F.2d 659, 662 (5th Cir. 1979) (Rule 41(a)(1)(i)"operates peremptorily without regard to the amount of effort expended in a particular case"); D.C. Elecs., Inc. v. Nartron Corp., 511 F.2d 294, 297-98 (6th Cir. 1975) (Harvey Aluminum may no longer be good law, and the "far more persuasive argument" is that "Rule 41(a)(1)(i) is clear and unambiguous on its face and admits of no exceptions that call for the exercise of judicial discretion by any court."); Eastalco Aluminum Co. v. United States, 995 F.2d 201, 203-04 (Fed. Cir. 1993) (Rule 41(a)(1)(i) "unambiguously" gives plaintiff right to voluntary dismissal before answer or motion for summary judgment, and "the drafters . . . did not phrase the rule in vague terms or . . . by calling for judicial involvement or the exercise of judicial discretion" (emphasis in original) (internal quotations omitted)).
 
 
 22
 The Second Circuit itself has disavowed Harvey Aluminum's rationale as applied to the vast majority of cases. See Thorp v. Scarne, 599 F.2d 1169, 1175-76 (2d Cir. 1979) ("Harvey Aluminum has not been well received," noting the "wisdom of the bright-line test established by the rule" and that a broad reading of Harvey Aluminum would amend Rule 41(a)(1)(i)).
 
 
 23
 We agree that Rule 41 does not authorize a court to make a case-by-case evaluation of how far a lawsuit has advanced to decide whether to vacate a plaintiff's voluntary dismissal. The literal terms of the rule apply: if the defendant has not served an answer or a motion for summary judgment, the plaintiff may voluntarily dismiss the suit without interference from the district court. This does not prejudice defendants. If defendants "desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under rule 41(1)(a) [they] may do so by taking the simple step of filing an answer." Carter, 547 F.2d at 259.
 
 
 24
 Score First also argues that the district court properly vacated the voluntary dismissal because, when the district court treated the hearing as a summary judgment hearing, a summary judgment motion was "in effect" served upon American Soccer. We are not convinced by Score First's argument that a court proceeding can be considered the equivalent of a summary judgment motion or an answer, thus justifying the vacating of a voluntary dismissal. "[S]ummary judgment `in the air' simply does not satisfy the explicit Rule 41 requirement that a defendant follow one of two specified courses of action in order to terminate plaintiff's right to dismiss his action without prejudice." Thorp, 599 F.2d at 1174; see Merit Ins. Co., 581 F.2d at 142 (motion to stay proceedings and compel arbitration is not the "equivalent" of answer or motion for summary judgment); Foss, 808 F.2d at 659-60 (findings and consideration of matters outside pleadings in Rule 11 inquiry does not convert it into equivalent of summary judgment motion); see also Scam Instrument Corp. v. Control Data Corp., 458 F.2d 885, 889-90 (7th Cir. 1972) (where motion denominated as partial summary judgment is actually motion to dismiss, plaintiff may voluntarily dismiss under 41(a)(1)).
 
 
 25
 To cut off American Soccer's right to dismiss voluntarily, all Score First had to do was to serve an answer or a motion for summary judgment. In fact, Score First attempted to file an answer one day after the voluntary dismissal.[1] But because neither the answer nor a motion for summary judgment was served on American Soccer before it voluntarily dismissed its suit, under Rule 41(a)(1)(i) the voluntary dismissal took effect without court order and could not be vacated by the district court.
 
 
 26
 We conclude that it was error to vacate the voluntary dismissal, and that American Soccer's notice of voluntary dismissal filed on March 20, 1997 must be given effect. The district court therefore was without jurisdiction to rule on the merits of the case. See Safeguard Business Sys., Inc. v. Hoeffel, 907 F.2d 861, 864 (8th Cir. 1990); Fosse, 808 F.2d at 660.[2]
 
 
 27
 We REVERSE the district court and order the case dis missed without prejudice.
 
 
 
 Notes:
 
 
 [1]
 Because the parties had not filed and served the briefs requested by the district court presenting "material facts that they believe are without contest to prove their case or to grant the summary judgment to that party," we are not confronted with the issue whether such a brief would be considered to be a motion for summary judgment under Rule 41.
 
 
 [2]
 Score First also complains that because American Soccer's attorney signed the notice of voluntary dismissal as attorney for "Score" rather than for "American Soccer," the notice was defective. This appears to be an entirely technical mistake, as Score First was not confused by use of American Soccer's trademark "Score" instead of its company name to designate the signature. There is no question that the notice of voluntary dismissal was signed by the attorney for American Soccer. See Price v. United States Navy, 39 F.3d 1011, 1015 (9th Cir. 1994) (dismissal of appeal not warranted when appellant's nonparty husband signed notice of appeal on her behalf, because no confusion resulted and appellant corrected the omission).